George BROWN, Appellant/Appellee,

v.

Tom ROBINSON, a/k/a Tom Robertson and S.F. Sonny Henderson, d/b/a Henderson Ranches, Appellees/Appellants.

No. 08–87–00281–CV.

Court of Appeals of Texas, El Paso.

Feb. 17, 1988.

Ron Ragsdale, Andrews, for appellant/appellee.

Mona Lyman, Turpin, Smith, Dyer & Saxe, Midland, for appellees/appellants.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from judgment upon jury findings that the Defendants assault-

ed and falsely imprisoned the Plaintiff. The Plaintiff appeals the trial court's disregard of the finding of false imprisonment and the damages thereon. The Defendants appeal the damages awarded upon the assault. We reverse in part and affirm in part.

On July 21, 1982, the Plaintiff fortuitously drove his car off the highway on to ranch land, demolishing a portion of cattle fence. An altercation arose with a resulting scuffle over the removal of the car and payment for fence damage.

Plaintiff claims the trial court erred in granting judgment non obstante veredicto on the jury findings of false imprisonment and the award of $145,000.00 for mental anguish. For such judgment to be upheld, it must be determined that there is no evidence upon which the jury could have made its findings. All testimony must be viewed in a light most favorable to the party against whom the judgment was granted, and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. *Trenholm v. Ratcliff,* 646 S.W.2d 927 (Tex.1983).

Detention of a vehicle while the Plaintiff is inside can constitute false imprisonment. The Plaintiff testified that upon exiting his car, Defendant Robertson stated he had prevented the wrecker driver from moving Plaintiff's car. There was testimony that the Plaintiff was interposed between his vehicle and the assailants, grabbed, held, and struck. The essential elements of a cause of action for false imprisonment are: (1) willful detention; (2) without consent; and (3) without authority of law. *Sears, Roebuck & Company v. Castillo,* 693 S.W.2d 374 (Tex.1985). There is sufficient evidence to support the jury's finding on liability. Plaintiff's Point of Error No. One is sustained.

The damage issue resulting from the false imprisonment awarded the Plaintiff $120,000.00 for past mental anguish, and $25,000.00 for future. The points and cross-points of error dwell upon whether there is any evidence to support damages,

and if so, are they so excessive to require a remittitur.

The Plaintiff testified to an eye injury requiring two sessions of treatment by a doctor. He testified he was in fear of his life at the time of the incident. He thought he was going to be "mugged" because he was alone and isolated.

A remittitur is only proper when the evidence is factually insufficient to support the verdict. *Pope v. Moore,* 711 S.W.2d 622 (Tex.1986); *Larson v. Cactus Utility Company,* 730 S.W.2d 640 (Tex. 1987). These cases replace the former rule of review. A factually insufficient matter is one in which the jury's finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Croucher v. Croucher,* 660 S.W.2d 55 (Tex.1983); *Pope, supra.*

Translating mental anguish into dollars is necessarily an arbitrary process. The jury is given no guidelines, for there are no objective standards of measurement. No court is free to substitute its judgment for that of a jury. *Larson, supra.* Mental anguish in the past was established. Intrinsic values cannot be extrinsically quantified except by arbitrary means. Once the existence of some amount of mental anguish has been established, the incalculable quantity cannot logically be refuted or shown to be factually insufficient because there are no objective facts to calibrate measurement. Plaintiff's Points of Error Nos. One, Two and Three are sustained and Defendants' Reply–Point of Error No. Two is overruled as to past mental anguish.

There was no evidence of mental anguish at the time of trial, and it is not reasonably probable that [Plaintiff] will suffer any in the future. *Verhalen v. Nash,* 330 S.W.2d 676 (Tex.Civ.App.—Texarkana 1959, writ ref'd n.r.e.). Defendants' Reply–Point of Error No. Two is sustained as to any future mental anguish.

Defendants' Point of Error No. One challenges the legal and factual sufficiency of the jury's award of $25,000.00 for pain and suffering in the past, and $10,000.00 award for mental anguish under a

finding of assault by the Defendants upon the Plaintiff. The pain and suffering award of $25,000.00 concerns the immediate-felt effect upon the nerves and brain from the injury sustained in the assault. The evidence disclosed an eye injury that bled and caused swelling for approximately two weeks. It required medication and two visits to a doctor. Some pain and suffering has been established, and the same reasoning applied to the element of mental anguish must be applied here. Defendants' Point of Error No. One is overruled.

The judgment non obstante veredicto of the trial court is reversed and the Plaintiff is to recover an additional $120,000.00, plus prejudgment interest thereon to date from January 21, 1983 to August 31, 1987. In all other respects the judgment of the trial court is affirmed.