**DELL DEVELOPMENT CORPORATION,**
**Appellant,**

v.

**BEST INDUSTRIAL UNIFORM SUPPLY COMPANY, INC., et al., Appellees.**

**No. C14–86–927–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 25, 1987.

Rehearing Denied Dec. 31, 1987.

John W. Wauson, Houston, for appellant.

Stephen D. Fox, Houston, for appellees.

Before JUNELL, SEARS and DRAUGHN, JJ.

**OPINION**

DRAUGHN, Justice.

In a breach of contract action, the trial court entered judgment in favor of appellee, Best Industrial Uniform (Best). Appellant complains that the trial court abused its discretion in failing to grant a continuance due to absence of counsel, and by denying a motion for new trial. We affirm the judgment.

On May 29, 1986, Best filed an action in breach of contract and quantum meruit against Dell Development (Dell), a corporation. W.D. York, Jr., president of Dell filed an answer on July 7, 1986. Trial was set for Sept. 11, 1986. Best was represented by counsel at the trial. York, who is not a licensed attorney, appeared for appellant. The judge informed York that a corpora-

tion could not represent itself pro se by an officer who is not an attorney. Nothing in the record indicates that York asked for time to engage counsel. The judge heard the evidence presented by Best. He then noted for the record that Mr. York was not an attorney and could not appear for the corporation. According to the record presented on appeal, no request, either verbal or written, was made for a postponement or for additional time to allow York to hire counsel. The court then rendered judgment for Best. After obtaining counsel, appellant filed a motion for new trial claiming that it had been extremely prejudiced, and denied due process, by the court's failure to continue the case until York could engage counsel. The motion for new trial was denied.

Appellant raises as error the trial court's failure to grant a continuance and its denial of a motion for new trial; both based on Dell's failure to engage counsel to represent it at trial.

■ The decision of whether to grant a motion for continuance, or to continue a case sua sponte, rests within the discretion of the trial court. The action of the trial court will not be disturbed unless the record discloses a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). In civil cases in which the absence of counsel has been urged as grounds for a continuance or new trial, courts have required a showing that the failure to be represented at trial was not due to the party's own fault or negligence. *Gendebien v. Gendebien*, 668 S.W.2d 905, 908 (Tex.App.—Houston [14th Dist.] 1984, no writ), *citing State v. Crank*, 666 S.W.2d 91, 94 (Tex.1984).

■ Unlike the cases cited by appellant, this is not a case in which a litigant had inadequate notice of withdrawal of counsel, or inadequate notice of amended pleadings. In such circumstances, courts have held a continuance to be warranted. *See Villegas*, 711 S.W.2d at 625; *Acco Internation-*

al Paper Stock Corporation v. Sea–Land, Inc.*, 615 S.W.2d 855 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). In the instant case, appellant had several months time between the filing of the suit against it and the trial date. Appellant had well over a month from the time the corporate president filed an answer to the scheduled date of trial.

Appellant's only explanation for not securing counsel is that York believed that he could represent the corporation without the assistance of a licensed attorney. Tex.R. Civ.P. 7 [1] has been construed as applying to individuals, and not corporations. *Globe Leasing v. Engine Supply & Machine Service*, 437 S.W.2d 43 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ). This is in accordance with a long line of cases construing the similarly worded federal statute, 28 U.S.C.A. § 1654 (West 1966) [2]. Corporations may appear and be represented only by a licensed attorney. This court has stated that where a corporation chooses to represent itself through a non-attorney officer, it does so at its own risk; to do so may be viewed as negligence. *American Express Co. v. Monfort Food Distributing Co.*, 545 S.W.2d 49, 52 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

Dell has not established that its failure to be represented by counsel was not due to its own fault or negligence. The decisions not to grant a continuance sua sponte, and to deny the motion for new trial, were within the discretion of the trial court. Since the record before us shows no clear abuse of discretion, appellant's two points of error are overruled. Judgment of the trial court is affirmed.

---

**1.** "Any party to a suit may appear and prosecute or defend his rights therein, either in person or by attorney of the court".

**2.** *See Globe Leasing*, 437 S.W.2d at 45; Annotation, *Propriety and Effect of Corporation's Appearance Pro Se, Through Agent Who Is Not Attorney*, 19 A.L.R.3d 1073 (1968).