**DAYLIN, INC., d/b/a Cashway Building Materials, Appellant,**

v.

**Manuel JUAREZ, III, Appellee.**

**No. 08-88-00271-CV.**

Court of Appeals of Texas,
El Paso.

Feb. 8, 1989.

Rehearing Denied March 8, 1989.

Raymond E. White, Kemp, Smith, Duncan & Thurmond, El Paso, for appellant.

Robert E. Kennedy and Ann Crawford McClure, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal, by writ of error, from a default judgment in the amount of $250,000.00. We affirm.

The petition was filed August 26, 1987, alleging the Defendant could be served by its registered agent, C.T. Corporation Systems, Inc. On August 27, 1987, citation was sent by certified mail to:

DAYLIN, INC., dba CASHWAY BUILDING MATERIAL

By serving its reg. agent:

C.T. CORPORATION SYSTEM

1601 Elm Street

Dallas, TX 75201

"DELIVER TO ADDRESSEE ONLY, RETURN RECEIPT REQUESTED" was imprinted on the face of the clerk's envelope. On September 28, 1987, papers were sent by mail to the district clerk in an envelope carrying the return address of "Channel Home Centers." Scrawled across a 3½ × 3½ inch piece of paper that was possibly included in the envelope was the notation:

Does not belong to Channel—Try Wickes

On an 8½ × 11 inch instrument, also possibly contained within, expressly directed itself to:

Grace Retail Corporation
c/o Channel Acquisition Corp.
945 Rt. 10
Whippany, N.J. 07981

It was purportedly signed by "C T CORPORATION SYSTEM." It carried the title of "SERVICE OF PROCESS TRANSMITTAL FORM," and it contained a brief chronicle of the case. Embodied within the memorandum, the words appeared:

\* Daylin Inc. changed their name to Grace Retail Corporation which changed their name to Channel Home Centers, Inc. per secy of state.

On January 26, 1988, the Plaintiff adduced evidence of damages before the Court, and a default judgment was signed and entered on January 29, 1988. Defendant's petition for writ of error was filed with the trial court on July 28, 1988, the eve of the expiration of the six months' jurisdictional filing limitation.

█ The four elements necessary for a review by writ of error are: (1) It must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390 (Tex.1982).

█ Points of Error Nos. One, Two, Five, Six, Seven, Nine, Ten, Eleven and Twelve focalize on the allegation that the judgment is invalid because the wrong defendant was sued, or in the alternative, the correct defendant under the wrong name. To be reversible error, the face of the record must disclose the judgment to be invalid. The record includes the papers on file in the case. *Pace Sports, Inc. v. Davis Brothers Publishing Co., Inc.*, 514 S.W.2d 247 (Tex.1974). This has included the consideration, in part, of papers that are unofficial, unauthenticated and gratuitously filed. *Light v. Verrips*, 580 S.W.2d 157 (Tex.Civ.App.—Houston [1st Dist.] 1979). The words, "[d]oes not belong to Channel— Try Wickes" scrawled on a memo pad size piece of paper do not independently or conjunctively indicate a wrongfully prosecuted party in an objective manner. Even if it did, unless it were in the form of a meritorious defense or denial by way of answer by a party who was patently and unconstitutionally denied due notice of trial, it would not demonstrate an invalid judgment but only a contingently avoidable one. To hold otherwise would allow a spurious document to indefinitely forestall a default judgment and invite mischief. There is no means to force a defendant to make an appearance, unless the desire to escape the consequence of a judgment rendered despite an alleged infirmity raised by the filing of a spurious document, compels him to appeal by writ of error. Even then, depending upon a plaintiff's execution success, there is a possible additional delay of up to six months. After this, the inclusion of appellate and retrial time to the set back would total up to an unconscionable assault on the rights of a plaintiff. Do the words "\*Daylin Inc. changed their name to Grace Retail Corporation which changed their name to Channel Home Centers, Inc. per secy of state" declare that any judgment against the defendant would be invalid? In addition to the preceding reasoning, a misnomer of the true party of interest is subject to a plea in abatement, and if that party fails to appear and plead the misnomer in abatement, the misnomer is waived, and the true party of interest is bound by the judgment. *Abilene Independent Telephone & Telegraph Co. v. Williams*, 111 Tex. 102, 229 S.W. 847 (1921). The recitation would not invalidate a judgment. Appellant cites *Southern Pac. Co. v. Block*, 84 Tex. 21, 19 S.W. 300 (1892), *Abilene Independent Telephone & Telegraph Co. v. Williams*, 111 Tex. 102, 229 S.W. 847 (1921), *Arcola Sugar Mills Co. v. Doherty*, 254 S.W. 650 (Tex.Civ.App.—Galveston 1923, writ ref'd), *Mega v. Anglo Iron & Metal Company of Harlingen*, 601 S.W. 2d 501 (Tex.Civ.App.—Corpus Christi 1980, no writ), and *Fleming v. Hernden*, 564 S.W.2d 157 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.), for defects rendering a default judgment invalid. In those cases,

**350**

the citation was directed to a different entity than the one the judgment was entered against. In this case, the citation was directed to the defendant that judgment was taken against through its registered agent. Points of Error Nos. One, Two, Five, Six, Seven, Nine, Ten, Eleven and Twelve are overruled.

Points of Error Nos. Three, Four, Eight and Thirteen challenge the propriety of the citation and its return. There are no presumptions in favor of valid issuance, service and return of citation in face of a writ of error attack on a default judgment. Failure to affirmatively show strict compliance with the Texas Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). The citation is faulted for not containing the name of attorney for the plaintiff and the addresses of that attorney and the plaintiff as required under Tex.R.Civ.P. 99(b). This rule became effective January 1, 1988. Citation was executed on August 26, 1987. Tex.R.Civ.P. 106(a)(2), in effect at that time, required the citation to be mailed to the defendant with delivery restricted to addressee only. The Appellant claims that the fact that the return states the citation and petition were mailed "with restricted delivery," without stating that the delivery was restricted to the named addressee, renders the process defective. The citation was sent to Defendant in care of his registered agent at the address of that agent, and the delivery was signed for in the space provided for "Signature—Agent" and not in the space marked "Signature—Addressee," as shown by the return receipt on file. The fact that the papers were addressed to the agent (as well as the Defendant), signed for by the agent and on the face of the record received by the agent, sufficiently illustrates conformity with the rule. This portion of the rule has been deleted by the January 1, 1988 amendment. The petition alleged that the Defendant's agent for service of process was C.T. Corporation Systems, Inc., at the address of 1601 Elm Street, Dallas, Texas, 75201. The return certified service on "C.T. Corporation System" at that same address. The Appellant contends the exclusion of the letter "s" on System(s) and the word "Inc." rendered the process defective. The record as a whole supports service on the correct agent. *Payne & Keller Company v. Word*, 732 S.W.2d 38 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). *Popkowski v. Gramza*, 671 S.W.2d 915 (Tex.App.—Houston [1st Dist.] 1984). Appellant also directs attention to the officer's return stating the officer "executed by mailing ... a true copy of this citation together with an attached copy of Plaintiff's Petition...." Tex.R.Civ.P. 106(a)(2) had required the petition to be attached to the citation, and Appellant points to the possibility of noncompliance with the rule in that the petition could have been attached to the envelope or some other piece of paper delivered to the agent. In construing the sense of the words, "copy (of citation)" and "attached copy," it should be noted that "copy" is the object of the verb "executed" and as such designates what was executed. "Copy" is further modified by the adjective phrase "of this citation" which describes and limits as does the other adjective phrase "with an attached copy." Points of Error Nos. Three, Four, Eight and Thirteen are overruled.

Point of Error No. Fourteen asserts error in ignoring Tex.R.Civ.P. 239 by entering the default judgment over the answer of the Defendant, to wit: the document ostensibly authored by "C.T. CORPORATION," and the notation on the note possibly mailed to the clerk of the court. The papers do not contain a salutation to the court, and there is no showing that the papers were ever authorized to be filed as an answer of the Defendant. *Pettaway v. Pettaway*, 177 S.W.2d 285 (Tex.Civ.App.—El Paso 1943). There is no prayer for relief. A note scrawled by an anonymous author, containing the words, "[d]oes not belong to Channel—Try Wicks" and possibly placed in an envelope containing papers which are not shown to be the product of the Defendant or its attorney, cannot be interpreted to be a general denial by the Defendant under the most liberal relaxation of the rules of pleading. Appellant

further contends the failure of the record to disclose notice of the default judgment hearing, which was sent to the Appellant, violated Tex.R.Civ.P. 245, 246 and 21a. After the citation is effected upon a defendant, the plaintiff has no legal duty to notify the defendant prior to taking a default judgment. *Helfman Motors, Inc. v. Stockman,* 616 S.W.2d 394 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.). In that case, as in this one, the defendant did not complain that it was refused the right to be present, etc., at the hearing as to damages, or complain that there was no receipt of notice of the default judgment under Tex. R.Civ.P. 239a. The record affirmatively discloses that notice of default judgment was sent to the Defendant by the district clerk at the business address alleged in the petition on February 2, 1988, four days after judgment was taken. Point of Error No. Fourteen is overruled.

Points of Error Nos. Fifteen and Sixteen urge error because there is no pleading, evidence, or in the alternative, insufficient evidence to establish that the Appellant owned the Cashway store at the time of the accident. Plaintiff's petition alleged the following:

> On or about June 18, 1987, during normal business hours, the Plaintiff entered upon the premises of the Defendant's place of business which is located at 1446 Lee Trevino, El Paso, Texas. The place of business at said location was occupied and maintained by the Defendant and operated by the Defendant's agents, servants, and employees for the retail sale of building materials. The Defendant extended an open invitation to the public, including the Plaintiff, to enter upon the premises of said place of business, and consequently, the Plaintiff was an invitee to whom the Defendant owed a duty to use ordinary care, including the duty to protect and safeguard the Plaintiff from unreasonably dangerous conditions on the premises and to warn the Plaintiff of their existence.

A "no answer default judgment" operates as an admission of the material facts alleged in the Plaintiff's petition, except as to unliquidated damages. *Bennett Interests, Ltd. v. Koomos,* 725 S.W.2d 316 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). The language of the petition sufficiently characterizes and identifies the Defendant's proprietary interest in the business underlying his basis for liability. It certainly is "fair notice" to the Defendant as required by *Stoner v. Thompson,* 578 S.W. 2d 679 (Tex.1979). Points of Error Nos. Fifteen and Sixteen are overruled.

Point of Error No. Seventeen advocates there is no evidence, or in the alternative, insufficient evidence to uphold a finding that the accident of the Plaintiff proximately caused his injuries. The testimony disclosed that the Plaintiff went to Cashway Building Materials to purchase railroad ties which were stacked in the store. The ones that he wanted were centrally located in the stack. He requested help, or the use of a forklift to procure them. He was told by the store guard that he would have to help himself. He and his friend mounted the unbraced pile. It collapsed. The Plaintiff tumbled down, and he was struck in the back and legs by skidding and rolling timbers. His shirt was torn. He felt some pain in his back and "felt bruised." He stated that he tried to shake it off. He stated that because of his back, he sought medical attention. After one week of treatment, he felt worse. He said he then sought treatment from a medical back specialist. The lay proof of the sequence of events, his objective symptoms of pain and discomfort fortified by evidence of timely treatment, produced a logical, traceable connection between the accident and the result. *Morgan v. Compugraphic Corporation,* 675 S.W.2d 729 (Tex.1984). Point of Error No. Seventeen is overruled.

Point of Error No. Eighteen argues there is no evidence or insufficient evidence, except testimony regarding medical expenses, to support the amount of damages awarded by the trial court. The pleadings did not catagorize or specify the elements of damage, except to plead for recovery for serious, painful, permanent injuries and medical expenses. The judgment granted a global $250,000.00 damage award. The Appellant waived, in oral argument, any objec-

tion to the competence or admissibility of the evidence offered to the trial court. As there were no findings of fact or conclusions of law in this case, the appellate court presumes that the trial judge found all the facts necessary to sustain the judgment. The judgment of the trial court must be affirmed if it can be sustained on any reasonable theory supported by the evidence authorized by law. *Burnett v. Motyka*, 610 S.W.2d 735 (Tex.1980). As the trial court did not itemize the damages, it is impossible to determine what portion of the damages were ascribed to each element. We must examine the record to see what the evidence supports. *Popkowski v. Gramza*, 671 S.W.2d 915 (Tex.App.—Houston [1st Dist.] 1984).

The Plaintiff testified that he had received medical treatment from the time of injury to the time of trial. He stated he suffered pain. He stated that he had bladder problems that caused him to urinate more frequently, including during the night. He became tired more easily and did only light work. He stated that he could not perform as well sexually as he could before the injury. His injuries persisted at the time of trial. The medical records disclosed herniated and bulging discs, chronic pain and neurological disorders. Medical expenses up to time of trial were $3,645.66. Anticipated future surgical expenses were $6,200.00. An ancillary medical aid unit would cost $625.00. The Plaintiff is a twenty-four-year-old married, childless male. He has a life expectancy of 46.2 years. Prior to the accident, he was employed to lay cement and do landscaping work. As late as six months after the injury, a treating physician recommended he not return to work. No testimony was given in regard to wage amounts. There is, then, evidence supporting past and future medical expenses, and physical pain and mental anguish suffered in the past, and, in reasonable probability, to be suffered in the future. We must determine whether the evidence supporting the damages is so factually insufficient that it is against the great weight and preponderance of the evidence as to be manifestly unjust. *Pope v. Moore*, 711 S.W.2d 622

(Tex.1986). *Larson v. Cactus Utility Company*, 730 S.W.2d 640 (Tex.1987). Translating pain and mental anguish into dollars is necessarily an arbitrary process. There are no objective standards of measurement. The appellate court is not free to substitute its judgment for that of the fact finder. *Larson v. Cactus Utility Company*, 730 S.W.2d 640 (Tex.1987). Pain and mental anguish in the past, and the probability thereof in the future, was established by the evidence. Intrinsic values cannot be extrinsically quantified except by arbitrary means. Once the existence of some pain and mental anguish has been established, the incalculable quantity awarded cannot logically be refuted or shown to be factually insufficient because there are no objective facts to calibrate measurement. *Brown v. Robinson*, 747 S.W.2d 24 (Tex.App.—El Paso 1988, no writ). There is no fixed rule or standard for measuring pain and suffering. The fact finder awards damages at its discretion. *Hopkins County Hospital District v. Allen*, 760 S.W.2d 341 (Tex.App.—Texarkana 1988, no writ). Point of Error No. Eighteen is overruled.

Judgment of the trial court is affirmed.