**HANDY ANDY, INC., Appellant,**

v.

**Adam RUIZ, Appellee.**

**No. 13–93–476–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 29, 1994.

Rehearing Overruled May 18, 1995.

---

Steven B. Treu, Jeffers, Brook, Kreager & Gragg, Inc., San Antonio, for appellant.

John Griffin, Jr., Cynthia T. Sheppard, Houston, Marek & Griffin, Victoria, for appellee.

Before KENNEDY, FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

## OPINION

KENNEDY, Justice.

Handy Andy, Inc. appeals from the grant of a default judgment favoring Adam Ruiz in a garnishment action. We reverse and remand.

Ruiz sought garnishment to collect on a judgment he held against L.E. Wood. Handy Andy received service of the application for writ of garnishment on May 20, 1993.

A response was filed on behalf of Handy Andy on June 1, 1993. The nature of this response forms the core of the dispute here.

Ruiz's counsel said that he checked the file on June 15, 1993, and found no response from Handy Andy; he did not receive a copy of the response until much later. The trial court found that Handy Andy had failed to appear and answer and had wholly made default. The court awarded Ruiz a default judgment of $17,552.30 against Handy Andy. The court denied Handy Andy's motion for new trial.

Handy Andy appeals by two points of error. It contends that the court erred in granting the default judgment and in refusing the new trial.

The rules outline the procedure for garnishment actions. TEX.R.CIV.P. 665–668. Rule 665 provides that, "[t]he answer of the garnishee shall be under oath, in writing and signed by him, and shall make true answers to the several matters inquired of in the writ of garnishment." Rule 666 sets out three averments that a garnishee must make to earn discharge from the action and liability. These averments are (1) that the garnishee is not indebted to the defendant and was not so indebted when the writ of garnishment was served, (2) that the garnishee does not possess any effects of the defendant and had none when the writ was served, and (3) that the garnishee denies that any other person within his knowledge are indebted to the defendant or have in their possession effects belonging to the defendant, or that the garnishee knows and names such persons. (The writ in this case omitted the third element.) If the garnishee's answer is not controverted, the court shall enter judgment discharging the garnishee. TEX.R.CIV.P. 666.

Depending on the answer and other showings, the court may also enter judgment for the plaintiff. If the garnishee fails to file a timely answer, the court may render judgment by default as in other cases against the garnishee for the full amount of the judgment rendered against the defendant. TEX. R.CIV.P. 667. The court must also render judgment for the plaintiff if the answer or other methods show the garnishee indebted

to the defendant as described in the first averment. TEX.R.CIV.P. 668.

The document filed on behalf of Handy Andy was entitled "AFFIDAVIT", but someone, possibly the court's clerk, hand-wrote "Answer" and the cause number across the top of the affidavit. The document provided as follows:

David Salazar, 2001 South Laredo Street, San Antonio, Bexar County, Texas 78207, registered agent of Handy Andy, Inc., appeared before me the undersigned, and upon being duly sworn on his oath did depose and state:

1. Handy Andy, Inc. is not indebted to L.E. Wood for any amounts when the writ was served.

2. Handy Andy, Inc. has no effects of L.E. Wood in its possession.

3. Handy Andy, Inc. has no knowledge of other persons who are indebted to L.E. Wood or who has any of his effects in their possession.

SWORN AND SUBSCRIBED TO ME THIS 27TH DAY OF MAY, 1993

/s/ Margaret A. Gutierrez
NOTARY PUBLIC

[Notary seal]

The document lacked Salazar's signature or a description of the oath he took. The document also lacked a signature or any appearance by an attorney.

■ We find that these deficiencies rendered the document defective as an answer, but not, in the absence of objections or special exceptions, a nullity. An unverified sworn denial can prevent default judgment even in a case where the defendant was required to file a sworn denial. *Stanford v. Lincoln Tank Co.*, 421 S.W.2d 412, 413 (Tex. Civ.App.—Fort Worth 1967, no writ). A court has considered a document styled "Plea in Abatement" as an answer for purposes of defeating a default judgment. *Martinec v. Maneri*, 494 S.W.2d 954, 955 (Tex.Civ.App.— San Antonio 1973, no writ). A signature of either a party or his attorney is only a formal requisite of an answer and the lack thereof does not justify default in a normal case. *Frank v. Corbett*, 682 S.W.2d 587, 588 (Tex. App.—Waco 1984, no writ). The presence or absence of an attorney does not determine whether an answer can stave off default, and we need not delve into whether a corporation can appear without an attorney.[1]

The affidavit thus serves as an answer, albeit a defective one. Our decision upholding a default judgment against a garnishee who failed to file an answer is thus inapposite. *Cf. Swiderski v. Victoria Bank & Trust Co.*, 706 S.W.2d 676, 680 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). The court's judgment, reciting that Handy Andy failed to answer, is thus erroneous.

■ We also find that the deficiencies in the averments do not justify default. The Dallas court held that, where a garnishee answers the merits of the writ, the absence of the third averment does not justify a default judgment. *Healy v. Wick Bldg. Sys., Inc.*, 560 S.W.2d 713, 721 (Tex.Civ.App.— Dallas 1977, writ ref'd n.r.e.). The *Healy* court details the evolution of default in garnishment cases. *Id.* at 716–721. The supreme court, while reversing discharge of a garnishee because he failed to answer all the required questions, wrote that the garnishee's defective answer, at least until excepted to, avoided default. *Jemison v. Scarborough*, 56 Tex. 358, 360 (1882). Sometime thereafter, the courts apparently began to require garnishees to answer all questions in the writ or have their answer considered a nullity and

---

1. The rules of civil procedure do not speak to this issue. Rule 7, allowing parties to appear either in person or by an attorney, has been held to apply only to individuals, not corporations. *Dell Dev. Corp. v. Best Indus. Uniform Supply Co.*, 743 S.W.2d 302, 303 (Tex.App.—Houston [14th Dist.] 1987, writ denied). Two Texas appellate courts have held that a corporation cannot appear in court but through an attorney. *Electronic Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 737 (Tex. App.—Dallas 1993, no writ); *Globe Leasing, Inc. v. Engine Supply & Mach. Serv.*, 437 S.W.2d 43, 45 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ). The *Tyson* case drew its language from the *Dell* opinion of the other Houston court. *Tyson*, 862 S.W.2d at 737 (citing *Dell*, 743 S.W.2d at 303) The *Dell* court, however, cites to one of its earlier decisions in which it declined to address the issue of whether a corporation could answer through an officer; the earlier court chose to deem such avoidance of attorneys by a court negligent. *American Express Co. v. Monfort Food Dist. Co.*, 545 S.W.2d 49, 52 (Tex.Civ. App.—Houston [14th Dist.] 1976, no writ).

face default. *See Gray v. Armour & Co.*, 129 Tex. 512, 104 S.W.2d 486, 487 (1937). The *Gray* court backed away from that stance, holding that, if the garnishee answered all the questions in the predecessor to Rule 666, any failure to answer additional questions required exception or objection before default was appropriate. *Id.*

The *Gray* court was operating under the statutory predecessor to Rule 667 which had a subtly different wording. Article 4087 provided that default was appropriate "should the garnishee fail to file such answer to said writ *as herein required.*" TEX.REV.CIV.STAT. ANN. art. 4087, *repealed by* Act of May 15, 1939, 46th Leg.R.S., ch. 25, § 1, 1939 Gen. Laws 201. The current rule allows the court to render default judgment if "the garnishee fails to file an answer." TEX.R.CIV.P. 667. A Houston court said that, though the difference created some doubt that the *Gray* rule was still effective, it declined to find that difference significant in the absence of a supreme court ruling and cited other cases that, it said, had continued to apply *Gray. American Express Co. v. Monfort Food Dist. Co.*, 545 S.W.2d 49, 52 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

The supreme court mandates that we construe pleadings liberally in favor of the pleader if no special exceptions have been filed. *See Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex.1977). The San Antonio court held that a letter on file to the trial court constituted an answer because it was a written pleading of some character, though it omitted certain formalities that did not render it ineffective. *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 57 (Tex.App.—San Antonio 1987, no writ). The court credited the letter because it was signed by an officer of the corporation, contained the address, and was timely filed. *Id.* The court also noted the absence of special exceptions. *Id.*

We join the Dallas court in distinguishing *Monfort* (and the cases cited therein) as based on outmoded law and misapplied language from *Gray. See Healy*, 560 S.W.2d at

719. We find that the *Monfort* line of cases produces an unnecessarily harsh result that hinders justice. Those cases impose total defeat on a garnishee for a procedural misstep in an informational procedure. At best, with the possibility of setting aside the default, this produces an inefficient process. At worst, it imposes the full judgment on a party with no blame except inattentiveness to detail.

We go a step beyond *Healy* and adapt *Santex* in holding that, in the absence of exceptions or objections, no default judgment can be taken against a garnishee whose responds to some of the merits of the writ but fails to supply all of the Rule 666 averments. The elements listed in Rule 666 are those that, if answered, allow discharge. No part of Rule 667 requires that they be answered to avoid default; rather Rule 667 allows default in the absence of an answer. Our interpretation recognizes this distinction. ·It allows correction of errors caused by inattention in a less burdensome procedure (compared to, for example, a hearing on a motion for new trial, writ of error, appeal), but still allows plaintiffs to recover against grossly inattentive or equivocating garnishees.

The pleading was timely according to the trial court's docket sheet, though Ruiz's counsel did not see it when he sought default. The pleading purports to be on oath of an agent of the corporation. It lists the address. In it, Handy Andy responds to parts of all three questions, but fails to completely respond to the first two. It neglects to aver that it was not currently indebted to Wood and that it possessed no effects of Wood when the writ was served. No objections or exceptions appear on the record here. The pleading is a defective, deficient answer, but an answer nonetheless. We fail to see how this opinion can be construed to authorize notaries public to now practice law as the dissent suggests. To repeat what has already been said, we hold that the writing should serve has an answer sufficient to ward off a default judgment against garnishee. The court's default judgment against Handy Andy is therefore erroneous.[2]

---

2. We note that this case supports the courts that have found that corporate parties must employ

attorneys for even apparently simple litigation tasks. While attorneys are fully capable of mak-

We reverse and remand for further proceedings.

FEDERICO G. HINOJOSA, Jr., J., dissents.

FEDERICO G. HINOJOSA, Jr., Justice, dissenting.

The majority holds that a notary public may file an answer on behalf of a corporation. I disagree and respectfully dissent.

Tex.R.Civ.P. 7 states that "any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court." However, it has long been held that Rule 7 applies only to individuals and not corporations. *Globe Leasing, Inc. v. Engine Supply & Machine Serv.,* 437 S.W.2d 43, 45 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ). Only licensed attorneys may practice law. *Id.* A corporation may not appear in court through its officers, who are not attorneys. *Moore v. Elektro–Mobil Technik GmbH,* 874 S.W.2d 324, 327 (Tex. App.—El Paso 1994, writ denied); *Electronic Data Sys. Corp. v. Tyson,* 862 S.W.2d 728, 737 (Tex.App.—Dallas 1993, no writ); *Dell Dev. Corp. v. Best Indus. Uniform Supply Co.,* 743 S.W.2d 302, 303 (Tex.App.—Houston [14th Dist.] 1987, writ denied); *Globe Leasing* at 45.

The majority opinion states that the "document filed on behalf of Handy Andy was entitled 'AFFIDAVIT,' but someone, possibly the court's clerk, hand-wrote "Answer" and the cause number across the top of the affidavit." The document was not signed by an attorney or by an officer of the corporation. The document was only signed by Margaret A. Gutierrez, a notary public. The determinative issue in this case is whether the purported "affidavit," even liberally construed as a "pleading," [1] constitutes an authorized appearance by the defendant corporation. I would hold that it does not.

I find no evidence in the record that the notary public was authorized to file an answer on behalf of the corporation. *See Coker v. Weatheread,* 852 S.W.2d 764 (Tex.App.—Tyler 1993, no writ) (non-party husband cannot act as unauthorized agent of defendant wife's corporation and file pro se answer to suit on sworn account); *Daylin, Inc. v. Juarez,* 766 S.W.2d 347, 350 (Tex.App.—El Paso 1989, writ denied) (document contained no salutation to court or prayer for relief; no showing that it was product of defendant or its attorney); *see also Pettaway v. Pettaway,* 177 S.W.2d 285, 286–287 (Tex.Civ.App.—El Paso 1943, no writ) (letter signed by defendant but filed by organization insufficient to give court jurisdiction over defendant; court nevertheless considers merits of appeal). I also find no evidence in the record that the document was the product of the corporation or its attorney and no evidence that the document was intended to be filed as an appearance by the corporation.

A Notary Public not licensed to practice law is prohibited from practicing law, giving legal advice and accepting fees for legal advice. *Tex. Gov't Code Ann.* § 406.016(d). The majority ignores this statute and effectively proclaims that notaries public may now practice law.

I, therefore, respectfully dissent.

---

ing the missteps discussed above, they are educated and conditioned to understand the importance of complying with rules of procedure, and are thus (presumably) less likely to make such missteps. Parties who believe they save money by not employing attorneys must reexamine that decision in light of litigation like this case. Not only do such cases annoy and cost the litigants, but they consume scarce judicial time and resources. In the end, the litigants, the customers, and the taxpayers pay the price.

1. The purported affidavit contains no salutation to the court, no prayer for relief, and no showing that the document is the product of the defendant or its attorney. *See Daylin, Inc. v. Juarez,* 766 S.W.2d 347, 350 (Tex.App.1989, writ denied) (papers delivered to clerk could not constitute answer even under liberal construction of the rules of civil procedure); *cf. Frank,* 682 S.W.2d at 588 (unsigned answer contains general and specific denials, affirmative defenses, and claim for affirmative relief; sufficient to prevent default).