Elmer THOMPSON and Dorothy Thompson, Appellant,

v.

HARCO NATIONAL INSURANCE COMPANY, Appellee.

No. 05–03–00163–CV.

Court of Appeals of Texas, Dallas.

Nov. 5, 2003.

Rehearing Overruled Dec. 11, 2003.

Bertran T. Bader, III, Bertran T. Bader, III, P.C., and Carl A. Generes, Dallas, for Appellants.

John C. Tollefson, Cara Kennemer, Goins, Underkofler, Crawford & Langdon L.L.P., Dallas, for Appellee.

Before Justices WHITTINGTON, O'NEILL, and LANG.

## OPINION

Opinion by Justice O'NEILL.

Appellants Elmer Thompson and Dorothy Thompson appeal a summary judgment granted in favor of appellee Harco National Insurance Company (Harco). In five points of error, appellants generally contend the trial court erred in granting Harco's motion for summary judgment and in denying their motion for summary judgment. For the following reasons, we affirm the trial court's judgment.

This is the third appeal involving the subject-matter of this case. *See Thompson v. Henderson*, 45 S.W.3d 283 (Tex. App.-Dallas 2001, pet. denied); *Thompson v. Harco*, 05–95–01409–CV, 1998 WL 652660 (Tex.App.-Dallas Sep. 24, 1998, pet. denied) (not designated for publication). The facts and procedural history of the prior appeals are not relevant to the discrete issues involved in this case, and we will not recount them here. We will recount the facts only to the extent necessary to resolve the issues now presented.

On June 11, 1991, appellant Elmer Thompson was involved in an accident with a truck driven by Daniel E. Penrod. The truck had a placard on it indicating it was being operated by John W. Henderson Trucking Co. Appellants subsequently sued Penrod, John W. Henderson d/b/a John W. Henderson Trucking Co. (Henderson) and others for damages resulting from the accident. Henderson was insured by appellee Harco. The truck involved in the policy was not a scheduled vehicle under the Harco policy. The policy, however, also contained an MCS–90 endorsement, which is required by federal law for motor carriers engaged in interstate commerce, and was applicable to unscheduled vehicles operated by Henderson. When Henderson was served with the lawsuit, he forwarded the papers to Harco, who failed to timely file an answer on his behalf. Consequently, appellants obtained a default judgment against Henderson.

Appellants then sought to collect on the default judgment from Harco by filing a writ of garnishment. Appellants filed a motion for summary judgment asserting they were entitled to prevail against Harco as a matter of law because (1) they had obtained a judgment against Henderson, (2) Henderson was Harco's insured, (3) Harco's insurance policy included the MCS–90 endorsement, (4) the MCS–90 endorsement provided coverage because the truck involved in the accident was operated in a negligent manner in interstate commerce. They also asserted they were entitled to judgment as a matter of law because Harco's live answer to the writ was defective.

Harco filed a response and a cross-motion for summary judgment. In its motion, Harco asserted that the MCS–90 endorsement did not apply because (1) the truck was not involved in interstate shipment at the time of collision, and (2) the

accident did not arise out of Henderson's operation as a motor carrier. Harco also asserted it was entitled to summary judgment because the underlying default judgment in favor of appellants was void. The trial court denied appellants' motion for summary judgment and granted Harco's motion for summary judgment. This appeal followed.

## Summary Judgment—Standard of Review

The standard of review in summary judgment is well established. *See* Tex.R. Civ. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993). When both parties move for summary judgment, each party "bears the burden of establishing that it is entitled to judgment as a matter of law." *Guynes v. Galveston County*, 861 S.W.2d 861, 862 (Tex.1993); *Dallas Cent. Appraisal Dist. v. Wang*, 82 S.W.3d 697, 700 (Tex.App.-Dallas 2002, pet. denied). A motion for summary judgment must itself expressly present the grounds upon which it is made and must stand or fall on those grounds alone. *Espalin v. Children's Medical Center of Dallas*, 27 S.W.3d 675, 688 (Tex. App.-Dallas 2000, no pet.). When the summary judgment order does not state the specific grounds upon which it is based, the party challenging the order must show that each of the independent arguments alleged in the motion is insufficient to support the order. *Jones v. Hyman*, 107 S.W.3d 830, 832 (Tex.App.-Dallas 2003, no pet.); *Williams v. City of Dallas*, 53 S.W.3d 780, 785 (Tex.App.-Dallas 2001, no pet.). When we review cross-motions for summary judgment, we consider both motions and render the judgment the trial court should have rendered. *Coastal Liquids Transp., L.P. v. Harris County Appraisal Dist.*, 46 S.W.3d 880, 883 (Tex. 2001).

## Judgement Nihil Dicit

In their first point of error, appellants contend the trial court erred in denying their motion for summary judgment and in granting Harco's motion for summary judgment because Harco's live answer to the writ of garnishment was defective. In their motion for summary judgment, appellants asserted that they were entitled to a judgment *nihil dicit* because Harco's live answer at the time of the summary judgment was not under oath as required by Texas Rule of Civil Procedure 665.

Harco timely filed a verified answer to the writ in accordance with rules of civil procedure 665 and 666. However, Harco subsequently amended its answer with a general denial. In its amended answer, Harco specifically asserted appellants were not entitled to relief by writ of garnishment because there was no coverage under the MCS–90 endorsement because its insured, Henderson, was not involved in the accident and because Henderson was not a "motor carrier" as defined by the federal law that required the MCS–90 endorsement.

The answer of the garnishee shall be made under oath, in writing and signed by him, and shall make true answers to the several matters inquired of in the writ of garnishment. Tex.R. Civ. P. 665. Under rule 666:

> If it appears from the answer of the garnishee that he is not indebted to the defendant, and was not so indebted when the writ of garnishment was served upon him, and that he has not in his possession any effects of the defendant and had not when the writ was served, and if he has either denied that any other person within his knowledge are indebted to the defendant or have in their possession effects belonging to the defendant, or else has named such persons, should the answer of the garnishee

not be controverted as herein provided, the court shall enter judgment discharging the garnishee.

Tex.R. Civ. P. 666.

■ Appellants assert they were entitled to a judgment *nihil dicit* against Harco because its amended answer did not comply with rules 665 or 666. A judgment *nihil dicit* is proper when a defendant has (1) entered some plea, usually of a dilatory nature, but which does not place the merits of the plaintiff's case in issue, or (2) has withdrawn his answer. *Thomas v. Dubovy–Longo,* 786 S.W.2d 506, 507 (Tex.App.-Dallas 1990, writ denied). It literally means that the defendant "says nothing" to contest the plaintiff's allegations. *Frymire Eng. Co. v. Grantham,* 524 S.W.2d 680, 680 (Tex.1975)(per curiam). It is similar to a no-answer default judgment, but carries an even stronger confession than the default judgment. *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979).

According to appellants, the trial court should have entered a judgment *nihil dicit,* even though Harco had an answer on file denying their allegations, because that answer was defective under rules 665 and 666. They assert Harco effectively "withdrew" its answer when it amended it to a form that did not comply with the rules.

Neither rule 665 nor rule 666, which govern the requirements of an answer in a writ of garnishment, concern the circumstances under which a plaintiff in such an action is entitled to judgment against the garnishee. *Healy v. Wick Bldg. Sys., Inc.,* 560 S.W.2d 713, 716 (Tex.Civ.App.-Dallas 1978, writ ref'd n.r.e.); *Handy Andy, Inc. v. Ruiz,* 900 S.W.2d 739, 742 (Tex.App.-Corpus Christi 1994, writ denied). Rather, those rules concern the circumstances in which the garnishee is entitled to discharge based solely on his answer. *See*

*Healy,* 560 S.W.2d at 716; *Handy Andy,* 900 S.W.2d at 742. Rule 667 on the other hand concerns when a garnishor is entitled to a default judgment. *See Healy,* 560 S.W.2d at 716; *Handy Andy,* 900 S.W.2d at 742. Under rule 667, "[i]f the garnishee fails to file an answer to the writ of garnishment at or before the time directed in the writ, it shall be lawful for the court ... to render a judgment by default as in other civil cases." *See* Tex.R. Civ. P. 667.

■ In *Healy,* this Court concluded that rule 667 requires a default only if no answer is filed. *See Healy,* 560 S.W.2d at 716–17. Thus, if a garnishee files a defective answer, and the plaintiff does not object or except to the answer, the defective answer will prevent a default judgment. *See id; see also Handy Andy, Inc.,* 900 S.W.2d at 742. Here, appellants did not object or otherwise except to Harco's amended answer. Therefore, we conclude appellants were not entitled to a judgment *nihil dicit* when Harco amended its answer such that it no longer complied with rules 665 and 666. *See Handy Andy, Inc.,* 900 S.W.2d at 742. We overrule appellants' first point of error.

## MCS–90 ENDORSEMENT

In their second point of error, appellants contend the trial court erred in denying their motion for summary judgment and in granting Harco's motion because they conclusively established the vehicle involved in the accident was involved in interstate commerce at the time of the collision. Appellants concede the MCS–90 endorsement under which they seek recovery only provides coverage for judgments against the insured for liability resulting from negligence in the operation, maintenance or use of motor vehicles if the operations of the truck are subject to the jurisdiction of the

Interstate Commerce Commission (ICC).[1] The Interstate Commerce Commission has jurisdiction over transportation by motor carrier and the procurement of that transportation to the extent passengers, property, or both, are transported by motor carrier (1) between a place in a State and a place in another State, (2) between a place in a State and another place in the same State through another State, (3) between a place in the United States and a place in a territory or possession of the United States to the extent the transportation is in the United States, (4) between a place in the United States and another place in the United States through a foreign country to the extent the transportation is in the United States, and (5) between the United States and a place in a foreign country to the extent the transportation is in the United States. 49 U.S.C. § 10521 (1988) (repealed 1995) (current version at 49 U.S.C.A. § 13501 (1997)).

In their motion for summary judgment, appellants relied entirely upon the *truck's activities* in the days before and after the accident to show the truck was engaging in interstate commerce at the time of the accident. Specifically, the motion asserted:

> The trip in question started in Racine, Wisconsin with Mr. Thomas driving. The truck then went to Missouri on July 10, 1990, where Mr. Penrod joined the trip. The trip proceeded to Dallas where the Johnson's Wax products on board were unloaded at the Johnson's Wax property. The truck then went to Pioneer Paper, located in Dallas at 5000 Singleton Blvd., where the vehicle was loaded with paper. After leaving Pioneer Paper, the truck and trailer trav-

eled one half block when the subject collision with Plaintiff Elmer Thompson occurred. After repairs were made on the steering box, the truck went on to Pharr, Texas and unloaded. Then a load of watermelons was picked up at nearby Falurrias, Texas and carried by Penrod and Thomas to Milwaukee, Wisconsin.

In its response and cross-motion for summary judgment, Harco asserted that at the time of the accident, the truck was not engaged in interstate commerce. Specifically, Harco asserted that, at the time the accident occurred, the truck was delivering paper from Dallas, Texas to Roma, Texas. To support its contention, Harco directed the trial court to excerpts from the deposition of the driver, Daniel Penrod, that conclusively established the accident occurred while the truck was delivering paper between two locations in Texas. Appellants did not reply to Harco's motion.

On appeal, appellants do not dispute that at the time of the accident, the truck in question was delivering paper between two Texas cities. Instead, they assert summary judgment was improper because the *cargo* that the truck was transporting to Roma, Texas was going to then be transported to Mexico by another carrier. However, appellant's did not present this issue to the trial court. A motion for summary judgment must itself expressly present the grounds upon which it is made. *Espalin,* 27 S.W.3d at 688. Likewise, a non-movant for summary judgment must expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement to summary judgment. *McConnell,* 858 S.W.2d at 343. Because

---

1. Congress abolished the ICC in 1995 and its authority to regulate motor carriers was transferred to the Department of Transportation. *See John Deere Ins. Co. v. Nueva* 229 F.3d 853, 860 (9th Cir.2000), *cert. denied,* 534 U.S. 1127, 122 S.Ct. 1063, 151 L.Ed.2d 967 (2002).

appellants did not inform the trial court in its motion for summary judgment or in a response to Harco's motion that the paper being transported at the time of the accident was ultimately destined for Mexico, that issue cannot now be urged as a ground for reversal on appeal. *See McConnell,* 858 S.W.2d at 343.

■ Now, we consider whether appellants have shown the trial court erred in granting summary judgment with respect to the grounds that were before it. As noted above, the only basis appellants presented to the trial court for its contention that the truck was engaged in interstate commerce at the time of the accident was that (1) the truck had transported wax in interstate commerce before the accident and (2) after the accident, the truck was repaired and then transported watermelons in interstate commerce. In its motion for summary judgment, Harco asserted that notwithstanding the truck's activities before and after the accident, it was entitled to judgment because at the time of the accident the truck was transporting paper in wholly intrastate commerce. The trial court's judgment did not state its basis for granting Harco's motion. Thus, appellants must show the trial court erred in granting Harco's motion on this basis. *Tindle v. Jackson Nat'l Life Ins. Co.,* 837 S.W.2d 795, 801 (Tex.App.-Dallas 1992, no writ). We conclude appellants have not met this burden. Rather, appellants' nine pages of appellate briefing on this issue are devoted almost exclusively to their argument that the ultimate destination of the paper was Mexico—an issue that was not brought to the trial court's attention. The *only* mention in their appellate brief concerning whether the truck's movements at times other than the accident could satisfy the interstate commerce requirement consists of the following statement, buried in the middle of the argument supporting this point of error:

> In addition, the truck was in the midst of a multi-state run between Wisconsin, Missouri, Texas, back to Wisconsin and the states between those states. The movement in question was clearly covered by 49 U.S.C. § 10521(a)(1)(A).

Rule 38 of the rules of appellate procedure provides that a brief to this Court shall contain, among other things, a clear and concise argument for the contention made with appropriate citations to authorities and the record. *See* Tex.R.App. P. 38.1. Here, appellants have provided no substantive legal analysis or argument in support of the above contention. They have provided this Court with no citations to case law—instead citing only generally to the federal statute that sets out the jurisdiction of the ICC. We conclude this issue is inadequately briefed and presents nothing to review. *See McIntyre v. Wilson,* 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied). Because appellants have failed to show the trial court erred in granting Harco's motion for summary judgment on this ground, the summary judgment must stand. *See McIntyre,* 50 S.W.3d at 682. We resolve the second issue against appellants. Because of our disposition of this point, we need not address appellants' remaining points.

We affirm the trial court's judgment.