NO. 07-04-0432-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 17, 2004

_____

IN RE MIKE LEWIS, RELATOR

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

In this original proceeding relator Mike Lewis seeks a writ of mandamus directing 251st District Court judge, the Honorable Patrick Pirtle, to render a default judgment against one of four defendants Lewis sued. Concluding relator has failed to establish his entitlement to mandamus relief, we will deny the petition.

Relator filed suit against three individuals and Titan Aircraft, a foreign corporation. The petition alleged Titan's "home office" is located in Ohio, and the individual defendants are residents of Florida. Each of the defendants was served by certified mail through the Secretary of State. *See* Tex. Civ. Prac. & Rem. Code Ann. §17.44(b) (Vernon 1997). Before the August 9, 2004 answer date, Titan's president, John Williams, sent a letter to the district clerk responding to the allegations against it in relator's petition. The letter was

on Titan's letterhead and contained the cause number.  It is undisputed Williams was acting on behalf of the corporate defendant Titan. Without further notice to or communication with Titan, relator sought default judgment against the corporation.

On relator's request pursuant to Rule of Civil Procedure 238, the trial court called the appearance docket on August 23, 2004. Titan did not appear. Relator then requested a no-answer default judgment pursuant to Rule 239.  Relator presented evidence Williams is not licensed to practice law in Texas.  He offered a brief in support of his position that the response submitted by Williams was ineffective as an answer, and he therefore was entitled to a default judgment as a matter of law.  The trial court found "the letter answer filed by Titan Aircraft on or about August the second, 2004, is at least sufficiently effective as an answer to prevent a default judgment," and denied relator's request.  The court granted relator's request to sever his claims against Titan.  Relator filed his petition for writ of mandamus on August 24, 2004, asserting four issues for our review.  As suggested by his presentation of a single argument in support of all four issues, those issues are aspects of the single question whether the trial court abused its discretion in failing to grant a default judgment.

### Failure to Serve Petition on Real Party in Interest

We initially address a procedural matter.  The Rules of Appellate Procedure define a person whose interest would be directly affected by the relief sought in an original appellate proceeding as a real party in interest, and provide that such a person is a party to the case.  Tex. R. App. P. 52.1, 52.2.  Relator's petition identifies Titan Aircraft as a

party. Rule of Appellate Procedure 9.5(a) requires service of copies of documents filed in an appellate court on "all parties to the proceedings." Rule 6.3 provides that copies must be sent to a party's lead counsel or to the party if not represented by counsel. Relator's position is that Titan is not represented by counsel. Consequently, relator was obligated to serve a copy of his petition on Titan. Relator's original petition in the trial court recited the mailing address for Titan and the record he submitted to this court reveals relator's correspondence with Titan. The certificate of service in relator's petition shows service of that document only on the trial court judge. This omission indicates Titan has no notice of this original proceeding, depriving it of an opportunity to respond. Relator's failure to serve a copy of his petition on Titan would alone warrant denial of the relief requested. Tex. R. App. P. 52.4.

## *Standard of Review*

A writ of mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law, when there is no adequate remedy by law. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). It is the relator's burden to show entitlement to the relief being requested. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). A court abuses its discretion by ruling arbitrarily, unreasonably or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court also abuses its discretion by a clear failure to analyze or apply the law correctly, because trial courts have no discretion in determining

what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

## *Failure to Grant Default Judgment*

Relator argues the letter response submitted by Titan's president is wholly without effect because a corporation may only appear through counsel, see *Kunstoplast of America, Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996); Rule of Civil Procedure 239 authorizes a plaintiff to take a judgment by default against any defendant who has not filed an answer; and a trial court has a non-discretionary duty to render a default judgment against a non-answering defendant.

Relator devotes the bulk of his petition to challenging the trial court's finding that Titan's letter answer was sufficient to prevent rendition of a default judgment. He acknowledges the holding in *Custom-Crete, Inc. v. K-Bar Services, Inc.*, 82 S.W.3d 655 (Tex.App.–San Antonio 2002, no pet.), that a letter filed by a non-attorney corporate officer was an answer, albeit a "defective" one, sufficient to forestall a no-answer default judgment, and similar holdings in *R.T.A. International Inc. v. Cano*, 915 S.W.2d 149, (Tex.App.–Corpus Christi 1996, writ denied), and *Handy Andy, Inc. v. Ruiz*, 900 S.W.2d 739 (Tex.App.–Corpus Christi 1994, writ denied), but argues those cases are wrongly decided. Relator advances several public policy grounds in his challenge of this line of authority. He argues the holdings sanction the unauthorized practice of law, undermine protections against frivolous pleadings, and create uncertainty as to whether the corporation is bound by the officer's actions. His arguments, though, do not explain why

-4-

policy considerations require the entry of default judgment in such cases and cannot adequately be addressed by less drastic procedural means. *See KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 896-97, 899 n.5 (Tex.App.–Dallas 2003, no writ) (applying *R.T.A. International*, but finding trial court did not err in striking answer on plaintiff's motion); *Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex.App.–San Antonio 1998, no writ) (noting courts have "gone to great lengths to excuse defects in answers to prevent the entry of default judgments against parties who have made some attempt, albeit deficient, unconventional, or flat out forbidden under the Rules of Civil Procedure, to acknowledge that they have received notice of the lawsuit pending against them" and finding such broad definition of answer in the default judgment context to be proper because of the unfair outcome that can result from a default); *Handy Andy, Inc.*, 900 S.W.2d at 741 (in absence of special exceptions, response by corporate officer was defective answer, not a nullity). *See also Home Savings of America FSB v. Harris County Water Control & Improvement Dist. # 70*, 928 S.W.2d 217, 218-19 (Tex.App.–Houston [14th Dist.] 1996, no writ). The trial court's finding that the response filed by Williams on behalf of Titan was sufficient to prevent a default judgment does not reflect a clear failure to analyze or apply the law correctly.

Moreover, even if we were to agree Williams's response was a nullity, relator has provided no authority supporting the third prong of his argument, that a trial court has a ministerial duty to render judgment by default immediately after calling its appearance docket. The limited authority addressing the question uniformly holds rendition of a

judgment by default is not a ministerial act and mandamus will not issue for the purpose of directing a trial court to render such a judgment.

In *In re Ramirez*, 994 S.W.2d 682 (Tex.App.--San Antonio 1998) (orig. proceeding), the court recognized that the decision to render judgment by default requires the exercise of a trial court's discretion, making the remedy of mandamus unavailable. *Id.* at 683. *See also Weber v. Snell,* 539 S.W.2d 363, 366 (Tex.Civ.App.--Houston [1st Dist.] 1976) (orig. proceeding)*; Palacios v. Rayburn*, 516 S.W.2d 292, 294 (Tex.Civ.App.--Houston [1st Dist.] 1974) (orig. proceeding).

For these reasons, we find relator has failed to establish his entitlement to relief by mandamus and deny his petition.

Per Curiam