Opinion issued August 4, 2005
 
 



In The
Court of Appeals
For The
First District of Texas
_______________

NO. 01-04-00145 -CV
_______________

DISH TV, INC., Appellant

V.

ALDINE INDEPENDENT SCHOOL DISTRICT, HARRIS COUNTY,
HARRIS COUNTY EDUCATION DEPARTMENT, PORT OF HOUSTON
OF HARRIS COUNTY AUTHORITY, HARRIS COUNTY FLOOD
CONTROL DISTRICT, THE HARRIS COUNTY HOSPITAL DISTRICT,
NORTH HARRIS MONTGOMERY COMMUNITY COLLEGE DISTRICT,
HARRIS COUNTY RURAL FIRE PREVENTION DISTRICT #24,
MEMORIAL HILLS UTILITY DISTRICT, AND CITY OF HOUSTON, 
Appellees

                                                                                                                                      

On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2002-56539
                                                                                                                                      

MEMORANDUM OPINIONAppellees Harris County, Harris County Education Department, City of
Houston, Port of Houston of Harris County Authority, Harris County Flood Control
District, Harris County Hospital District, North Harris Montgomery Community
College District, and Harris County Rural Fire Prevention District #24 have filed a
motion to dismiss this appeal for want of jurisdiction. We grant the motion and
dismiss this appeal. 
          The final judgment in this case was signed by the trial court on July 23, 2003. 
Appellant, Dish TV, Inc., filed a notice of appeal on February 13, 2004, six months
and 21 days after the trial court signed the judgment. That notice of appeal was
signed by James M. Jugon, president of Dish TV, Inc. 
          To appeal a trial court’s judgment, a party must file a notice of appeal within
30 days after the judgment was signed, unless the time is extended to 90 days by the
filing of certain post-judgment motions. See Tex. R. App. P. 26.1. A party who did
not participate in the hearing that resulted in the judgment and did not file a timely
post-judgment motion or request for findings of fact and conclusions of law may file
a notice of appeal within six months after the judgment was signed. See Tex. R. App.
P. 26.1(c). 
          The timely filing of a notice of appeal is required to invoke the jurisdiction of
the court of appeals. Tex. R. App. P. 25.1. Appellant’s notice of appeal was untimely
and did not perfect either a regular appeal or a restricted appeal. 
          In addition, appellant’s notice of appeal was signed by the president of the
company, who is not licensed to practice law in Texas. A corporation may not appear
in court through its officers who are not attorneys, and a notice of appeal filed by
such an officer is not effective. Globe Leasing, Inc. v. Engine Supply and Mach.
Servs., 437 S.W.2d 43, 45 (Tex. Civ. App.—Houston [1st Dist.] 1969, no writ); see
also Kunstoplast of Am., Inc. v. Formosa Plastics Corp, 937 S.W.2d 455, 456 (Tex.
1996) (“Generally a corporation may be represented only by a licensed attorney
. . . .”); Dell Dev. Corp. v. Best Indus. Uniform Supply Co., 743 S.W.2d 302, 303
(Tex. App.—Houston (14th Dist.] 1987, writ denied) (“Corporations may appear and
be represented only by a licensed attorney.”). Therefore, even if timely, appellant’s
notice of appeal would not have conferred jurisdiction on this Court. 
          We dismiss this appeal for want of jurisdiction. 
 
PER CURIAM
 
Panel consists of Justices Nuchia, Keyes, and Bland.