Opinion issued October 7, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00584-CV

———————————

Yahweh thru “Yahweh Kingdom People” EKKLESIA 

via “Y.K.P.” Kingdom Corporation Sole, Registered 

Agent; Ambassador Claude Hugh Lloyd the 

Second of Yahvah Yahvanshia Yahvahruach 

and Ambassador Cassondra Jean Lloyd 

of Yahvah Yahvahshua Yahvahrauch, Appellants

 

V.

Gregg
Abbott, Texas Attorney General; Mike Stafford, County Attorney, Individually
and in his official capacity; Jo Ann Crawford, President of Crosby Independence
in her official capacity and Jo Ann Crawford, individually; and Sheryl Shaw,
Current President, individually; paul bettencourt, harris county tax
collector/assessor, in his official capacity and PAUL BETTENCOURT,
INDIVIDUALLY; ALVIN DIEUVAN NGUYEN; DIEUTHAO KHOA NGUYEN; MARMIC PROPERTIES,
L.L.C.; ELIAS KHAIMY AGENT; KK CHIPS LLP; JANET VITTUR; MARK VITTUR; SHIRLEY
KEENE; KEITH KEENE; FAIRPARK INVESTMENTS, L.P.; CONSTABLE GLENN CHEEK, PRECINCT
5; J. RODRIGUEZ, UNIT 522; GATEWAY REAL ESTATE; AND DENNIS GATES, INDIVIDUALLY, Appellees



 



 

On Appeal from the 152nd District Court

Harris County, Texas



Trial Court Case No. 2008-18599

 



MEMORANDUM OPINION

Appellate courts
have jurisdiction over final judgments and certain interlocutory orders
identified by statute.  Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001).  “Only one final
judgment shall be rendered in any cause except where it is otherwise specially
provided by law.”  Tex. R. Civ. P. 301.  

We recognize that a judgment need
not recite the names of all parties or claims; the language of a summary
judgment order cannot render the order interlocutory and unappealable when, on
the record, it is a final disposition of the case.  See Lehmann,
39 S.W.3d at 195.  Here, however, none of
the summary judgment orders dispose of the plaintiffs’ claims against several
parties, and the record does not contain an order dismissing the claims against
those parties or severing those claims from the remainder of the cause.[1]  

Because the summary judgment orders
appealed from do not dispose of all parties and claims in the case, no final
judgment currently exists.  Nor is any order
identified by statute as subject to interlocutory appeal.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014 (Vernon 2008); see also Tex. R. Civ. P. 215.2(b)(8).  We therefore lack jurisdiction to review the
sanctions order and must dismiss the appeal.

The appeal also requires dismissal
because appellant Yahweh thru Yahweh Kingdom People via “YKP” Kingdom
Corporation has failed to comply with our December 22, 2009 order requiring
that it provide the name, address, and Texas State Bar number of its counsel of
record.  The Lloyds, who have filed
documents purportedly on behalf of the appellant, are not licensed attorneys
and thus are not authorized to represent Yahweh Kingdom People or any other
entity or person besides themselves in legal proceedings.  See Dell
Dev. Corp. v. Best Indus. Uniform Supply Co., 743 S.W.2d 302, 303 (Tex.
App.—Houston [14th Dist.] 1987, writ denied) (“Corporations may appear and be
represented only by a licensed attorney.”); see
also Crain v. Unauthorized Practice of Law Comm., 11 S.W.3d 328, 332–34
(Tex. App.—Houston [1st Dist.] 1999, pet. denied) (explaining that person who
is not licensed attorney may not represent other persons in legal matters); Globe Leasing, Inc. v. Engine Supply &
Mach. Serv., 437 S.W.2d 43, 45 (Tex. Civ. App.—Houston [1st Dist.] 1969, no
writ) (holding that even if corporation’s president had given timely notice of
appeal from judgment against corporation, such notice would be ineffective when
president representing corporation was not licensed attorney and stating that “corporation
may not appear in court through its officers who are not attorneys”).

We dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P.
42.3(a). 

 

                                                PER
CURIAM

 

Panel
consists of Justices Keyes, Higley, and Bland.

 











[1]           The appellate record shows that the
defendants in the trial court who continue to have claims against them include
Attorney General Gregg Abbott; Alvin Dieuvan Nguyen; Dieuthao Khoa Nguyen;
Marmic Properties, L.L.C.; Elias Khaimy, Agent; Fairpark Investments, L.P.;
Constable Glenn Cheek, Precinct 5; J. Rodriguez, Unit 522; Gateway Real Estate;
and Dennis Gates, Individually.