**GLOBE LEASING, INC., Appellant,**

v.

**ENGINE SUPPLY AND MACHINE SERVICE, Appellee.**

No. 15402.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Jan. 23, 1969.

**44**

Sonfield, Sonfield & Lawrence, Robert L. Sonfield, Robert L. Sonfield, Jr., Houston, for appellant.

Finley & Pollard, Jack M. Finley, Ronald G. Byrnes, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a summary judgment rendered in favor of appellee. The judgment was based on a sworn account and recovery was in the amount of $11,801.72 plus attorney's fees of $1,180.17.

The case reaches us on a transcript. The transcript contains the sworn account, an answer sworn to by W. Elliott Moore, president of appellant. While on appeal appellant urges appellee's sworn account does not comply with Rule 185, Texas Rules of Civil Procedure and appellee contends appellant's answer does not comply with the same rule so as to join issue, we are of the view that as to form each sufficiently complies with the rule.

We are, however, of the view that appellee's motion to dismiss the appeal must be sustained.

On June 18, 1968, a judgment, final as to form, was rendered by the Honorable Warren Cunningham, Judge of the 164th District Court, sustaining appellee's motion for summary judgment. The judgment recites the defendant appeared through W. Elliott Moore. No notice of appeal is shown in this judgment. The record before us fails to show the giving of notice of appeal in a manner or within the time required by Rule 353, T.R.C.P.

On July 17, 1968, within 30 days after the signing of the judgment of June 18, another judgment was signed by the Honorable John Snell, Jr. He signed as "Judge Presiding". Below the signature to this judgment we find the notation "Done subject to all objections hereafter made." Below this is also Judge Snell's signature. This judgment is precisely the same as the June judgment except it recites "and counsel for Defendant on July 17, 1968, having presented motion to reform, which is granted", and an exception to the judgment and notice of appeal are given. It is approved only by appellant's attorney. The motion to reform was apparently oral.

Appellee's motion to dismiss is based on the failure to give notice of appeal in the judgment of June 18 and the assertion that the judgment of July 17 could not effectively supply an omission to timely give notice of appeal from the judgment of June 18. Too, appellee asserts there was never any answer legally filed because it was filed by Mr. Moore who is not a licensed attorney and that a corporation can appear in court only through an attorney. The record was filed here 78 days after the June judgment and there had been no extensions of time within which to file.

The appellant's position is that a court has inherent control to vacate, reform or amend its judgment for a period of 30 days and its judgment of July 17, was a reformed judgment and it contained notice of appeal. If this notice was effective, then the record was timely filed.

We ordered the motion to dismiss taken with the case. The motion to dismiss and the case on its merits were briefed by both parties and oral argument was presented.

From each judgment we find the recital that the motion for summary judgment came on to be heard on "the 17th day of June, 1968" and also the recital that the "Defendant appeared through W. Elliott

Moore." From the brief of appellant in answer to the motion to dismiss we find certain admissions against interest. It is stated that the defendant was not represented by an attorney in the trial court. (Actually an attorney presented the motion of July 17). The statement is also made that "W. Elliott Moore, President of Defendant filed an answer * * *" It is stated that at the June hearing no attorney appeared for the defendant. This admission together with the court's recital showing the defendant appeared by Mr. Moore establishes he was not an attorney. Further, it is stated the June judgment failed to show an exception thereto and gave no notice of appeal. The statement is also made that the motion of July 17 was made to reform the judgment "to show an exception thereto by Defendant and notice of appeal." The same admissions and statements are in substance contained in appellant's brief on the merits.

It is to be noted that nowhere does appellant state that notice of appeal had been given from the action of the trial court in rendering the June judgment against it but had not been shown in the draft of the judgment. Nor is it anywhere asserted that notice of appeal was given within the time and manner also authorized by Rule 353. If notice of appeal had in fact been given prior to July 17, it would have been a very easy matter to say so.

■■■ Actually the position of appellant is that the notice of appeal contained in the judgment of July 17 suffices because a court has inherent power for a period of 30 days to reform, amend, modify or vacate its judgments. This is of course the general rule. However, we deem it inapplicable here. Rule 353 requires the giving of notice of appeal within ten days after the date the judgment was signed as shown therein. Rule 306a, T.R.C.P. Here notice would have to be given within 10 days after June 18.

In the case of A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853, at page 855, our Supreme Court said:

"The trial court certainly could not, on its own initiative, make any effective order affirming its former judgment and thereby extend the period for perfecting an appeal. The trial court's inherent power resides only in the right of altering its former judgment and since it does not have the power on its own initiative to extend the period for appellate procedure, * * *."

Here the judgment of July 17 could not supply a notice of appeal that had not timely previously been given.

■■■ If we be mistaken in the conclusion that no notice of appeal had been attempted prior to July 17, the appeal must still be dismissed. The record affirmatively reflects that the answer was filed by the president of the corporation who was not a licensed attorney and that he represented the corporation. He would have been the only one who could have given notice. Any such notice would have been ineffective. Only a licensed attorney may practice law. A corporation may not appear in court through its officers who are not attorneys. It is true, our Rule 7, T.R.C.P., provides that "[a] party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court." We are unable to find where the rule has been construed but are of the view, and hold, that it applies to an individual and not a corporation.

28 U.S.C.A., Section 1654, provides in part, and insofar as is material, as follows: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel * * *." The Federal courts have construed this rule as permitting individuals and not corporations to represent themselves in court. They hold a corporation may appear and be represented only by a licensed attorney. The reasoning is stated in these cases: Brandstein v. White Lamps, 20 F.Supp. 369 (D. C.N.Y.); Ashley-Cooper Sales Service, Inc. v. Brentwood Manufacturing Company, Inc. et al., 168 F.Supp. 742 (D.C.Md.);

Flora Construction Company v. Fireman's Fund Insurance Co., 307 F.2d 413 (10th Cir.); DeVilliers et al. v. Atlas Corp., 360 F.2d 292 (10th Cir.); Simbraw, Inc. v. United States, 367 F.2d 373 (3rd Cir.).

See also Paradise et al. v. Nowlin, 86 Cal.App.2d 897, 195 P.2d 867; American Sand & Gravel, Inc. v. Clark & Fray Construction Co., 2 Conn.Cir. 284, 198 A.2d 68; Nicholson Supply Co., Inc. v. First Federal Sav. & Loan Ass'n of Hardee County, 184 So.2d 438 (Ct. of App., Fla.); Fletcher Cyclopedia Corporations, Vol. 9, Sec. 4463, 1964 Rev.Edition; 7 Am.Jur.2d, Sec. 6.

Appeal dismissed.