**AUDIOMEDIA, INC., Appellant,**

**v.**

**ROLLINS OUTDOOR ADVERTISING, INC., Appellee.**

No. 15031.

Court of Civil Appeals of Texas, San Antonio.

Feb. 2, 1972.

Rehearing Denied March 1, 1972.

Corbin L. Snow, Jr., Robert C. Patterson, San Antonio, for appellant.

Joel H. Klein, Lester L. Klein, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit to recover the total consideration alleged to be owed to Rollins Outdoor Advertising, Inc., appellee herein, by Audiomedia, Inc., based upon two written contracts. Summary judgment was entered against appellant for the sum of $8,019.00, the total amount claimed due by appellee under the two contracts, plus attorney's fees in the sum of $3,000.00.

■ Appellee has filed a motion to dismiss the appeal, which we first consider. Such motion is predicated on appellee's contention that appellant is a corporation; that the notice of appeal, which was timely filed, was signed by Donald J. Hartshorn; that Mr. Hartshorn is not known to be a licensed attorney in Texas or any other state; and that Rule 7, Texas Rules of Civil Procedure,[1] allowing a person to appear in person, has application only to natural persons, and that corporations must be represented by an attorney in any proceeding. Appellee relies on Globe Leasing, Inc. v. Engine Supply & Machine Service, 437 S.W.2d 43, 45 [Tex.Civ.App.—Houston (1st Dist.) 1969, no writ], where the Court in dismissing the appeal said:

"The record affirmatively reflects that the answer was filed by the president of the corporation who was not a licensed attorney and that he represented the corporation. He would have been the only one who could have given notice. Any such notice would have been ineffective. Only a licensed attorney may practice law. A corporation may not appear in court through its officers who are not attorneys. It is true, our Rule 7, T.R.C. P., provides that '[a] party to a suit may

---

1. "Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court."

appear and prosecute or defend his rights therein, either in person or by an attorney of the court.' We are unable to find where the rule has been construed but are of the view, and hold, that it applies to an individual and not a corporation."

Appellant has filed a reply to such motion to dismiss, in which it asserts that the original answer in such cause was filed by an attorney, and that the record reflects that such attorney was the attorney of record for appellant at the time the notice of appeal was filed.[2] There is attached to said reply an affidavit of the Hon. Earle Cobb, Jr., which states that he is an attorney duly licensed to practice law within the State of Texas, and has been so licensed since 1957, and that on July 6, 1971, he personally prepared and filed a notice of appeal in said cause, and there is attached to such affidavit a copy of a notice of appeal under attack.

It is to be noted that Rule 353, T.R.C.P., which governs notices of appeal, has no requirement that the notice be signed by anyone. Such rule provides that an appeal may be taken by notice of appeal: (1) in open court—or (2) filed with the Clerk; such notice to be given or filed within 10 days after the judgment or order overruling motion for new trial is rendered; and that such notice, when filed with the Clerk, shall be sufficient if it states the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or some designated portion thereof.

We do not regard *Globe*, supra, as controlling in the case before us.[3] In the case before us we have an answer filed on behalf of appellant corporation by a licensed attorney, and sofar as the record before us reflects, he was the attorney of record for appellant at the time the notice of appeal was filed. This is corroborated by the affidavit of Mr. Cobb, who states that he personally prepared and filed the notice of appeal here under attack.

Appellee's motion to dismiss is overruled.

Appellant, by three points of error, asserts that: (1) the trial court erred in granting appellee's motion for summary judgment because neither the originals of the alleged contracts, nor sworn copies thereof were attached to either appellee's pleadings or appellee's motion for summary judgment; and therefore, under appellant's general denial, there were material issues of fact as to all matters required to be proved by appellee which were not expressly required to be denied under oath by the Texas Rules of Civil Procedure; (2) the trial court erred in granting a summary judgment against appellant because the sworn affidavit of Joel H. Klein does not meet the requirements of Rule 166–A, Subdivision (e), T.R.C.P., and without said affidavit, there is no proof to support a sum-

2. The record does not reflect that such attorney has ever filed a motion to withdraw as counsel, nor has there ever been an order permitting such withdrawal.

3. In *Globe* the answer in said cause was filed by the president of the defendant corporation. A judgment was entered on June 18, 1968, which contains no notice of appeal. Thereafter, on July 17, 1968, another judgment was entered, which judgment is precisely the same as the June judgment, except it recites, " . . . 'and counsel for Defendant on July 17, 1968, having presented motion to reform, which is granted' . . . " (437 S.W. 2d at 44) and an exception to the judg- ment and a notice of appeal is given in this judgment. The Court of Civil Appeals held that the judgment of July 17th could not supply a notice of appeal that had not timely previously been given. The Court thereafter stated: "If we be mistaken in the conclusion that no notice of appeal had been attempted prior to July 17, the appeal must still be dismissed. The record affirmatively reflects that the answer was filed by the president of the corporation who was not a licensed attorney and that he represented the corporation. He would have been the only one who could have given notice." 437 S.W.2d at 45.

mary judgment; and (3) the trial court erred in granting summary judgment against appellant because of the existence of genuine fact issues in the case.

■■■ The affidavit here involved was made by the attorney for appellee.[4] Nowhere in such affidavit is it stated or demonstrated that such affidavit was made on personal knowledge of the affiant. In the attached oath such affiant states, ". . . that he is the Attorney of Record for Plaintiff, Rollins Outdoor Advertising, Inc., and authorized to make this Affidavit that he knows the contents thereof and that the foregoing Affidavit and the verified Exhibits are in every respect true and correct." The attached exhibits are the two purported contracts involved. While the oath attached to the two exhibits does not contain a notarial signature or seal, immediately preceding such exhibits is found the oath of the attorney making the affidavit, properly sworn to and notarized, which states that the affidavit and verified exhibits are in every respect true and correct.

■■■ We will first consider appellant's point of error that the affidavit is fatally defective because of the failure to attach sworn or certified copies of the purported contracts. It does not appear from the record before us any exception or objection to the absence of verification of such contracts made by appellant. In Youngs-

town Sheet & Tube Co. v. Penn, 363 S.W. 2d 230, 234 (Tex.1963), the Court said:

"If petitioner was in any doubt as to these matters or if it was prejudiced in any way by the fact that sworn or certified copies of the operating agreements were not attached to or served with the Johnson affidavit, it should have excepted to the affidavits at or prior to the hearing. The deficiencies which it now urges appear to be purely formal, and it may be assumed that they would have been corrected upon proper exception in the trial court. We hold that objections of this kind may not be raised for the first time on appeal when it fairly appears from the record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." [5]

On the basis of *Youngstown* we will consider such contracts as properly before us.

A more difficult question is presented by appellant's contention that the affidavit is fatally defective because it does not state that it was made on personal knowledge of affiant; that it does not show affirmatively that affiant is competent to testify to the matters stated therein; and that such affidavit is based upon conclusions and hearsay.

It has been held in a number of cases that an affidavit in support of a summary

4. Such attorney clearly was an interested witness. It is the general rule that the testimony of an interested witness does no more than raise a fact issue to be determined by the trier of the facts. James T. Taylor & Son, Inc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371 (1960); Owen Development Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640 (1957); Kimbell Milling Co. v. Marcet, 449 S.W.2d 100 (Tex.Civ.App.—San Antonio 1970, no writ). Evidence which favors the movents position is not considered unless it is uncontradicted. If such uncontradicted evidence comes from an in-

terested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.1965); Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943); Johnson v. Floyd West & Co., 437 S.W.2d 298 (Tex.Civ.App.—Dallas 1969, no writ).

5. Cf., Boswell v. Handley, 397 S.W.2d 213 (Tex.1966).

judgment is fatally defective when it does not allege it was made on personal knowledge, and did not affirmatively show that affiant was competent to testify as to the matters stated therein. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961); Empire Finance Service, Inc. v. Western Preferred Life Ins. Co., 461 S.W.2d 489 (Tex.Civ. App.—Waco 1971, writ ref'd); Bestwall Gypsum Division, Georgia-Pacific Corp. v. Padgett Bros. Drywall, 425 S.W.2d 844 [Tex.Civ.App.—Houston (1st Dist.) 1968, no writ]; Seale v. Muse, 352 S.W.2d 534 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.); Lawyers Surety Corp. v. Sevier, 342 S.W.2d 604 (Tex.Civ.App.—Dallas 1961, no writ); Anderson v. Hake, 300 S.W.2d 663 (Tex.Civ.App.—Dallas 1957, no writ).

■ Many of the statements contained in affiant's affidavit appear to be based upon hearsay and conclusions, nor can it be ascertained from such affidavit that the statements therein contained are made on personal knowledge. In any event, the summary judgment proof will not authorize a summary judgment. Appellant's cause of action is founded on the two purported contracts. One of such contracts covers two painted displays, one 10x40 and one 10x25, in which contract appellee agrees to paint in a good and workmanlike manner, and to maintain such signs for a period of 36 months, commencing upon completion of such signs, and in consideration thereof appellant agrees to pay appellee $207.75 per month. Such contract contains a special cancellation clause which provides that such contract is cancellable with 60 days written notice at the end of any calendar year. The affidavit of the attorney merely states that the 10x25 sign was completed September 1, 1970, and the 10x40 sign was completed January 20, 1971; and that no payment has ever been received from defendant on such contract, for which appellant became bound and obligated to pay appellee the sum of $207.75 per month for 36 months, aggregating $7,479.00. There is no statement that said signs were maintained as provided in the contract; that appellee performed its obligations under the contract; or that such contract was never cancelled.[6] The affidavit contains no reference whatsoever with regard to the second contract, except a statement that appellee agreed to erect and maintain two directional arrows, and does not ever state that such arrows were erected or maintained.

■ When a party elects to file a motion for summary judgment pursuant to Rule 166–A, T.R.C.P., it takes upon itself an extraordinary burden. By moving for summary judgment, it assumes the burden of showing by competent summary judgment evidence that there was no genuine issue as to any material fact pertinent to the cause of action, and that it is entitled to the judgment prayed for as a matter of law. Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233 (1957); Johnson v. Floyd West & Co., supra. In summary judgment cases, the question on appeal as well as in the trial court is not whether the summary judgment proof raises fact issues with reference to the essential elements of plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970).[7]

---

6. The controverting affidavit of appellant made by Donald J. Hartshorn, Sr., states that the written instrument upon which plaintiff's pleading is founded is without consideration; that the consideration is failed in whole and in part; that plaintiff has failed to abide by the contract; and that the contract has been cancelled according to its terms.

7. For a comprehensive discussion of applicable rules in summary judgment proceedings, see Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., supra; Johnson v. Floyd West & Co., supra.

The trial court erred in granting summary judgment for the sum of $8,019.00.

■ Appellant also asserts that the trial court erred in granting a summary judgment against appellant for attorney's fees in the sum of $3,000.00.

Paragraph two of the alleged contracts here involved calls for payment of reasonable attorney's fees. It is appellee's contention that the trial court was authorized to grant attorney's fees in the sum of $3,000.00 under the provisions of Senate Bill No. 563, 4 Tex.Sess.Laws '71, p. 1073, effective May 17, 1971. Senate Bill No. 563 amended Article 2226, Vernon's Annotated Civil Statutes, so as to provide that in certain specified types of cases the amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees; and that the court in non-jury cases may take judicial knowledge of such schedule in determining the amount of attorney's fees without the necessity of hearing further evidence.[8]

Appellee asserts that attorney's fees in the amount of $3,000.00 is not excessive on a recovery in the amount of $8,019.00 in view of the fact that in commercial collections, on a contingent fee basis, a minimum fee of 33⅓% of the amount realized is authorized with or without the filing of suit, and that a minimum fee of 40% of the amount realized is authorized if an appeal is perfected from the judgment of the trial court [Minimum Fee Schedule of the State Bar of Texas, April, 1968, page 12]. It is to be noted that this same section of such fee schedule also provides that the minimum non-contingent fee based on the amount involved is 16⅔%, with or without filing of a suit, and 20% if an appeal is perfected from the judgment of the trial court. It is to be noted that the sum of $3,000.00 is in excess of ⅓ of the amount recovered.

There is nothing in the record whatsoever to establish that such collection was on a contingent fee basis, and the sworn affidavit of appellant's attorney states that appellant agreed to pay him $3,000.00 for his attorney's fees in connection with the collection and suit on said notes or contracts.

We hold that under the record before us the trial court erred in granting attorney's fees in the sum of $3,000.00.

Because of the errors hereinbefore set forth, the trial court erred in granting the summary judgment. The judgment is reversed and remanded.

8. Article 2226, V.A.C.S. (as revised by S.B. No. 563):

"Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, over charges on freight or express, lost or damaged freight or express, or stock killed or injured or suits founded upon a sworn account or accounts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such persons or corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fee without the necessity of hearing further evidence."