

# The Attorney General of Texas

September 5, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George N. Rodriguez, Jr.
El Paso County Attorney
El Paso, Texas 79901

Opinion No. MW-235

Re: Whether a non-lawyer apartment manager may represent an individual, partnership or corporate owner of an apartment in a forcible entry and detainer action

Dear Mr. Rodriguez:

You ask two questions concerning the representation of an apartment owner by a non-lawyer apartment manager in a forcible entry and detainer suit. Your questions are as follows:

> 1. Can a non-lawyer apartment manager represent an individual, partnership or corporate owner of an apartment by filing a complaint in an F.E.D. action?

> 2. Can a non-lawyer apartment manager represent an individual, partnership, or corporate apartment owner at an F.E.D. hearing?

Articles 3973 through 3994, V.T.C.S., provide for a forcible entry and detainer suit. Any justice of the peace of the precinct where the property is situated has jurisdiction of such a suit. V.T.C.S. art. 3973. Rules 738 through 755 of the Texas Rules of Civil Procedure govern procedure in an F.E.D. suit.

As a general rule, representation of others before a court constitutes the practice of law, and it may not be done by a non-lawyer. Borden, Inc. v. Wallace, 570 S.W. 2d 445 (Tex. Civ. App. 1978 – El Paso, writ dism'd). Some exceptions to this rule have been made by statute. See Attorney General Opinion H-538 (1975); see also Attorney General Opinion H-974 (1977) (appearance by non-lawyers at administrative hearings).

Rule 7 of the Texas Rules of Civil Procedure provides that any party to a suit may appear in person, or by an attorney. This provision has been interpreted as applying only to individuals and not to corporations. Globe

p. 744

Leasing, Inc. v. Engine Supply and Machine Service, 437 S.W. 2d 43 (Tex. Civ. App. - Houston [lst, Dist.] 1969, no writ). Thus, while an individual apartment owner could appear in court and represent himself, a corporation could appear only through an attorney.

Rule 7 applies to an action in a justice court pursuant to rule 2, which provides in part:

> These rules shall govern the procedure in the justice, county, district, and appellate courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated.

T.R.C.P. rule 2.

Thus, a non-lawyer apartment manager may not represent an individual, partnership, or corporate apartment owner at an F.E.D. hearing. We believe, however, that rule 739 of the Texas Rules of Civil Procedure makes an exception for filing a complaint. It provides in part:

> When the party aggrieved or his authorized agent shall file his written sworn complaint with such justice, the justice shall immediately issue citation. . . .

We believe the apartment manager may file a complaint for the owner as his authorized agent. Compare T.R.C.P. rule 14. Although briefs submitted to us suggest policy reasons for permitting non-attorneys to represent corporations in F.E.D. hearings we do not believe the language of rule 739 or any other rule implies that a non-lawyer agent may appear for the apartment owner in a hearing. See, e.g., T.R.C.P. rules 743-745.

### SUMMARY

> A non-lawyer apartment manager may represent an individual, partnership, or corporate owner of an apartment by filing a complaint in a forcible entry and detainer action, but he may not represent the apartment owner at an F.E.D. hearing.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Zoleta Courtney
Susan Garrison
Rick Gilpin
Greg Wilson
Bruce Youngblood