

# The Attorney General of Texas

March 23, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Felipe Reyna
Criminal District Attorney
McLennan County Courthouse
Waco, Texas 76703

Affirmed by *MW-342*

Opinion No. MW-312

Re: Whether a corporation must be represented by an attorney in an appeal from the small claims court to the county court or county court at law

Dear Mr. Reyna:

You ask whether a corporation must be represented by an attorney in cases involving appeals from a small claims court to the county court or county court at law. This office stated in Attorney General Opinion H-538 (1975) that a corporation could be represented in small claims court by a non-lawyer employee pursuant to article 2460a, section 2, V.T.C.S. This provision gives the small claims court jurisdiction "in all actions for the recovery of money by any person, association of persons, corporation or by an attorney for such parties." (Emphasis added). This language provides an exception to the general rule that a corporation may appear in court only through an attorney. See T.R.C.P. 7; Globe Leasing, Inc. v. Engine Supply and Machine Service, 437 S.W. 2d 43 (Tex. Civ. App. - Houston [1st Dist.] 1969, no writ). See also Attorney General Opinion C-82 (1963). Compare Attorney General Opinion MW-235 (1980). Attorney General Opinion H-538 (1975) also noted that the simplified procedures in the small claims court undermine the various rationales presented for requiring a corporation to appear there through an attorney.

When the amount in controversy exceeds twenty dollars, a dissatisfied party may appeal from the small claims court to the county court or county court at law. V.T.C.S. art. 2460a, §12. Rule 2 of the Code of Civil Procedure provides that the rules of civil procedure shall govern the procedure in the county courts, with certain exceptions not here applicable. Thus county court proceedings are governed by rule 7, which permits individuals, but not corporations, to represent themselves in court. Globe Leasing, Inc. v. Engine Supply and Machine Service, supra. A corporation must appear through an attorney in county court unless there is a specific statutory exemption.

Rules 571 through 574 of the Code of Civil Procedure govern the appeal from the justice court to the county court. Rule 571 states that

"[t] he party appealing, his agent or attorney" shall file an appeal bond. (Emphasis added). This language indicates that a non-attorney agent may take this step. However, once the appeal is perfected pursuant to rule 573 and the county court acquires jurisdiction, we believe a corporate party must be represented by an attorney. We find no statute, and none has been drawn to our attention, which would authorize a corporation to appear in county court or county court at law through a non-attorney employee. Nor are the policies which justify the representation of corporations by laymen in small claims court applicable in county court. See, e.g., T.R.C.P. rule 45 (pleading in county court). We conclude that a corporation must be represented by an attorney in county court or county court at law in cases involving an appeal to that court from a small claims court. See Borden, Inc. v. Wallace, 570 S.W. 2d 445 (Tex. Civ. App. - El Paso 1978, writ dism'd).

## S U M M A R Y

A corporation must be represented by an attorney in county court or county court at law in cases involving an appeal to that court from small claims court.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James Allison
Jon Bible
Rick Gilpin
Bruce Youngblood