COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-421-CV

 

 

ELYON LIGHT MINISTRY                                                       APPELLANT

 

                                                   V.

 

DEVON ENERGY PRODUCTION                                                 APPELLEE

COMPANY, LP

 

                                              ------------

 

               FROM PROBATE
COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Elyon Light Ministry seeks to appeal a
judgment from Probate Court No. 2, Tarrant County, Texas.  We dismiss for want of jurisdiction.








Rule 25.1(b) of the Texas Rules of Appellate
Procedure requires that a party file a notice of appeal to invoke this court=s
jurisdiction.[2]  Rule 7 of the Texas Rules of Civil Procedure
provides that A[a]ny party to a suit may appear
and prosecute or defend his rights therein, either in person or by an attorney
of the court.@[3]  And Rule 28 of the Texas Rules of Civil Procedure
authorizes an unincorporated association, such as Elyon Light Ministry, to sue
and be sued in its own name.[4]  However, persons Anot
licensed to practice law [in the State of Texas] may not represent or defend
the rights of [others].@[5]

On October 29, 2008, Terry Self[6]
filed a APetition
for Appeal and to Set Aside Final Judgment@ with
the probate court.  This court treated
this pleading as a notice of appeal.  On
December 15, 2008, this court sent notice to Self informing him that persons
not licensed to practice law may not represent others and that Elyon Light
Ministry had until December 29, 2008, to file an amended notice of appeal that
complies with Texas law.








On December 22, Self filed an amended notice of
appeal in which Self claimed that Elyon Light Ministry and Self were Aone in
the same.@ 
Self offered no proof of this assertion.[7]  In the absence of such proof, Self cannot
represent Elyon Light Ministry, and the amended notice of appeal is, therefore,
insufficient to invoke this court=s
jurisdiction.[8]

Because Elyon Light Ministry failed to timely
file a proper notice of appeal, we do not have jurisdiction.  Accordingly, we dismiss this appeal for want
of jurisdiction.

 

PER
CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

DELIVERED:  January 29, 2009











[1]See Tex. R. App. P. 47.4. 





[2]See Tex. R. App. P. 25.1(b).





[3]Tex. R. Civ. P. 7.





[4]See Tex. R. Civ. P. 28.





[5]Shafer v. Frost Nat=l Bank, No. 14-06-00673-CV,
2008 WL 2130418, at *3 (Tex. App.CHouston [14th Dist.] May 22, 2008, no pet.) (mem.
op.) (citing In re Moody, 105 B.R. 368, 370 (S.D. Tex. 1989)); see
also Jimison v. Mann, 957 S.W.2d 860, 861 (Tex. App.CAmarillo 1997, no writ).





[6]Terry Self is also known
as ATerry M. Self Ambassador.@  We shall refer to Terry Self as ASelf.@  Self is not a licensed attorney in the State
of Texas.





[7]Self did file an Aaffidavit brief in
support of appeal@ in which this assertion
was made, but that pleading was neither sworn nor verified.





[8]See Global Leasing, Inc.
v. Engine Supply & Mach. Serv., 437 S.W.2d 43, 45 (Tex. Civ. App.CHouston [1st Dist.] 1969,
no writ) (stating that notice of appeal filed by president of corporation who
is not licensed attorney Awould [be] ineffective@).