

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-421-CV**

ELYON LIGHT MINISTRY                    APPELLANT

V.

DEVON ENERGY PRODUCTION                    APPELLEE
COMPANY, LP

------------

FROM PROBATE COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Elyon Light Ministry seeks to appeal a judgment from Probate

Court No. 2, Tarrant County, Texas.  We dismiss for want of jurisdiction.

Rule 25.1(b) of the Texas Rules of Appellate Procedure requires that a

party file a notice of appeal to invoke this court's jurisdiction.[2]  Rule 7 of the

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. R. App. P. 25.1(b).

Texas Rules of Civil Procedure provides that "[a]ny party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court."[3] And Rule 28 of the Texas Rules of Civil Procedure authorizes an unincorporated association, such as Elyon Light Ministry, to sue and be sued in its own name.[4] However, persons "not licensed to practice law [in the State of Texas] may not represent or defend the rights of [others]."[5]

On October 29, 2008, Terry Self[6] filed a "Petition for Appeal and to Set Aside Final Judgment" with the probate court. This court treated this pleading as a notice of appeal. On December 15, 2008, this court sent notice to Self informing him that persons not licensed to practice law may not represent others and that Elyon Light Ministry had until December 29, 2008, to file an amended notice of appeal that complies with Texas law.

---

[3] Tex. R. Civ. P. 7.

[4] *See* Tex. R. Civ. P. 28.

[5] *Shafer v. Frost Nat'l Bank*, No. 14-06-00673-CV, 2008 WL 2130418, at *3 (Tex. App.—Houston [14th Dist.] May 22, 2008, no pet.) (mem. op.) (citing *In re Moody*, 105 B.R. 368, 370 (S.D. Tex. 1989)); *see also Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no writ).

[6] Terry Self is also known as "Terry M. Self Ambassador." We shall refer to Terry Self as "Self." Self is not a licensed attorney in the State of Texas.

On December 22, Self filed an amended notice of appeal in which Self claimed that Elyon Light Ministry and Self were "one in the same." Self offered no proof of this assertion.[7] In the absence of such proof, Self cannot represent Elyon Light Ministry, and the amended notice of appeal is, therefore, insufficient to invoke this court's jurisdiction.[8]

Because Elyon Light Ministry failed to timely file a proper notice of appeal, we do not have jurisdiction. Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED: January 29, 2009

---

[7] Self did file an "affidavit brief in support of appeal" in which this assertion was made, but that pleading was neither sworn nor verified.

[8] *See Global Leasing, Inc. v. Engine Supply & Mach. Serv.*, 437 S.W.2d 43, 45 (Tex. Civ. App.—Houston [1st Dist.] 1969, no writ) (stating that notice of appeal filed by president of corporation who is not licensed attorney "would [be] ineffective").

3