Opinion issued March 11, 2010













In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00292-CV




YAHVAH THRU HIS “YAHWEH KINGDOM PEOPLE” EKKLESIA VIA
“Y.K.P.” KINGDOM CORPORATION SOLE AMBASSADOR CLAUDE
HUGH LLOYD THE SECOND OF YAHVAH YAHVAHSHUA
YAHVAHRUACH AND AMBASSADOR CASSONDRA JEAN LLOYD OF
YAHVAH YAHVAHSHUA YAHVAHRUACH, Appellant

V.

HARRIS COUNTY, HARRIS COUNTY DEPARTMENT OF EDUCATION
DISTRICT, PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY,
HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY
HOSPITAL DISTRICT, CITY OF BAYTOWN, GOOSE CREEK
CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, AND LEE
COLLEGE DISTRICT, Appellees




On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2006-46711




MEMORANDUM OPINION

          Appellant, Yahvah thru His “Yahweh Kingdom People” ekklesia via “Y.K.P.”
kingdom corporation sole Ambassador Claude Hugh Lloyd the Second of Yahvah
YahvahShua YahvahRuach and Ambassador Cassondra Jean Lloyd of Yahvah
YahvahShua YahvahRuach, seeks to appeal the trial court’s award of summary
judgment in favor of Harris County and the other appellee taxing authorities in this
suit for recovery of delinquent taxes against Yahweh Kingdom People, a Texas non-profit corporation. Appellant argues in nine issues that the final summary judgment
of the trial court should be set aside. 
          We dismiss for lack of jurisdiction.
Background
          Yahweh Kingdom People,


 a non-profit corporation, owns property in a
subdivision in Harris County, Texas, with the legal description of Lot 47 of
Whispering Pines, Section One. On July 31, 2006, Harris County, on behalf of itself
and other county-wide taxing authorities the Harris County Education Department,
the Port of Houston Authority of Harris County, the Harris County Flood Control
District, and the Harris County Hospital District (collectively “Harris County”) filed
suit against Yahweh Kingdom People seeking to recover $24,484.09 in delinquent
taxes on the property. The petition recited that Yahweh Kingdom People was “a
Texas Non-Profit Corporation, upon whom service may be obtained by serving its
Registered Agent, Claude Hugh Lloyd, Jr.” Harris County also joined the City of
Baytown, Goose Creek Consolidated Independent School District, and Lee College
District as parties that “may have a claim and lien for delinquent taxes against all or
part of the same property.”
          Harris County attempted to serve notice on Yahweh Kingdom People by
serving Lloyd, but the service was returned with the deputy’s notes stating that he
attempted service on six separate occasions and that, at each attempt, Lloyd was home
but would not answer the door. Harris County amended its pleadings to include
service through the Texas Secretary of State, and that service was returned unclaimed.
On May 31, 2007, Claude Lloyd, the registered agent of Yahweh Kingdom People,
and his wife Cassondra Lloyd filed a “General Denial and Demand to Dismiss for
Lack of Jurisdiction,” purportedly on behalf of “Yahweh.” The trial court
subsequently set aside a previous summary judgment and set the cause for a new
hearing.
          Harris County, on behalf of itself and the other taxing authorities, filed an
amended motion for summary judgment on December 18, 2007. After holding
another hearing at which all parties appeared, the trial court signed its Amended Final
Summary Judgment granting Harris County’s motion for summary judgment on
January 14, 2008. The final summary judgment stated,
The defendant(s) are as follows:
          Yahweh Kingdom People aka Yahvah YahvahShua YahvahRuach
thru his “Yahweh Kingdom People” Ekklesia (religious assembly) via
Yahvah’s “Y.K.P.” kingdom corporation sole, Ambassador Claude
Hugh Lloyd the Second of YahvahShua YahvahRuach and Ambassador
Cassondra Jean Lloyd of Yahvah YahvahShua YahvahRuach, who has
answered and has been duly notified of trial and who has appeared in
court.
 
          On February 18, 2008, the Lloyds filed a motion for new trial, again
purportedly on behalf of “Yahvah.” On April 14, 2008, the Lloyds signed a notice
of appeal that stated, “Yahvah thru [sic] His ‘Yahweh Kingdom People’ ekklesia via
‘Y.K.P.’ kingdom corporation sole Ambassador Claude Hugh Lloyd the Second of
Yahvah YahvahShua YahvahRuach and Ambassador Cassondra Jean Lloyd of
Yahvah YahvahShua YahvahRuach hereby gives Notice of Appeal of Yahvah’s
Demand in Comity for New Trial and to Set Aside/Vacate the Courts ‘Amended
Fraudulent Summary Judgment’ signed January 14, 2008.”



 
Analysis
          Only parties to an action have standing to appeal. Cont’l Cas. Co v. Huizar,
740 S.W.2d 429, 430 (Tex. 1987). Standing is implicit in the concept of subject
matter jurisdiction, and subject matter jurisdiction is essential to the authority of a
court to decide a case. Tex. Ass’n of Bus. v. Air Control Bd., 852 S.W.2d 440, 443
(Tex. 1993). Because the notice of appeal was taken in the name of “Yahvah,” we
lack subject matter jurisdiction because Yahvah was not a party to the judgment in
the trial court. We further note that the corporation that was a party to the judgment
of the trial court, Yahweh Kingdom People, did not file a timely, valid notice of
appeal. The Lloyds, who are not licensed attorneys, signed the notice of appeal on
Yahvah’s behalf as his ambassadors, but they are not authorized to represent Yahvah,
Yahweh Kingdom People, or any other entity or person besides themselves in legal
proceedings. See Dell Dev. Corp. v. Best Indus. Uniform Supply Co., 743 S.W.2d
302, 303 (Tex. App.—Houston [14th Dist.] 1987, writ denied) (“Corporations may
appear and be represented only by a licensed attorney.”); see also Crain v.
Unauthorized Practice of Law Comm., 11 S.W.3d 328, 332–34 (Tex. App.—Houston
[1st Dist.] 1999, pet. denied) (explaining that person who is not licensed attorney may
not represent other persons in legal matters); Globe Leasing, Inc. v. Engine Supply
& Mach. Serv., 437 S.W.2d 43, 45 (Tex. Civ. App.—Houston [1st Dist.] 1969, no
writ) (holding that even if corporation’s president had given timely notice of appeal
from judgment against corporation, such notice would be ineffective when president
representing corporation was not licensed attorney and stating that “corporation may
not appear in court through its officers who are not attorneys”). The deadline for
filing a notice of appeal is jurisdictional and has passed. See Tex. R. App. P. 25.1(b),
26.1; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).
          Therefore, we dismiss the appeal for lack of jurisdiction.
Conclusion
          We dismiss the appeal for lack of jurisdiction.
 
 



                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Sharp, and Massengale.