Affirmed and Opinion filed July 21,
2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00151-CV



Rabb
International, Inc., Appellant 

v.

SHL Thai Food
Service, LLC, Appellee 



On Appeal from
the 151st District Court

Harris County, Texas

Trial Court
Cause No. 2007-09774



 

OPINION

This case arises from a dispute between tenants of a
shopping center, in which an incorporated retailer brought negligence and
nuisance claims against a restaurant for damage to items belonging to the
retailer following a back-up in the shopping center’s sewer line.  The jury
found in favor of the restaurant.  The retailer corporation was represented by
counsel through the end of trial, but the corporation’s non-attorney officer
filed the motion for new trial.  On appeal, all of the error assigned by the
corporation is based upon the trial court’s denial of that motion.  We conclude
that the filing of the motion for new trial extended the deadline for perfecting
appeal.  Nonetheless, the trial court reasonably could have denied the motion
for new trial because it was filed by a non-lawyer purportedly on behalf of a
corporation.  Accordingly, we affirm the trial court’s judgment.

Factual and Procedural Background

Appellant/plaintiff Rabb International, Inc. (“Rabb”),
a retail tenant in a shopping center, brought suit against appellee/defendant SHL
Thai Food Service, LLC (the “Restaurant”), a restaurant in the same shopping
center, seeking to recover damages for rugs belonging to Rabb that were damaged
after a sewer line in the shopping center backed up.  According to Rabb’s pleadings,
the Restaurant was negligent in failing to clean its grease traps, and grease
built up in the sewer line, causing water from the sewer line to enter Rabb’s retail
space.  Rabb claims that the water damaged a number of rugs, causing $250,000
in property damage.  Rabb also alleged that the Restaurant’s conduct created a
nuisance, resulting in the alleged damages.

From the filing of the lawsuit through the end of
trial, an attorney represented Rabb.  The jury returned a verdict in favor of the
Restaurant.  On November 2, 2009, the trial court signed a final judgment in the
Restaurant’s favor.  On December 1, 2009, Haseeb Butt, Rabb’s owner and
president, who is not licensed as an attorney, filed a motion for new trial, challenging
the sufficiency of the evidence to support the jury’s findings.  In the motion,
Butt indicated that neither he nor Rabb could afford an attorney to pursue the
motion for new trial.  In response, the Restaurant argued that the motion
should be denied because (1) only a licensed attorney can represent a
corporation in court, and (2) the evidence at trial was sufficient to support
the jury’s findings.  On January 11, 2010, the trial court denied the motion
for new trial.  On appeal, Rabb is represented by counsel and all of the
alleged error assigned by Rabb is based upon the trial court’s denial of Rabb’s
motion for new trial.

Analysis

Does this court have appellate jurisdiction?

Corporations may appear in court and be represented
only by a licensed attorney.  See Dell Dev. Corp. v. Best Indus. Uniform
Supply, 743 S.W.2d 302, 303 (Tex. App.—Houston [14th Dist.] 1987, writ
denied).  Therefore, Butt could not assert the motion for new trial on behalf
of Rabb.  See id.  This raises the issue of whether the motion for new
trial is void and therefore ineffective to extend the deadline to perfect
appeal under Texas Rule of Appellate Procedure 26.1(a).  See Tex. R. App. P. 26.1(a).  Some cases
suggest that a document filed in court by a non-attorney purportedly on behalf
of a corporation is void.  See, e.g., Globe Leasing, Inc. v. Engine
Supply & Mach. Serv., 437 S.W.2d 43, 45 (Tex. Civ. App.—Houston [1st Dist.]
1969, no writ) (stating in an obiter dictum that if a non-attorney had filed a
notice of appeal purportedly on behalf of a corporation, such a notice of
appeal would have been “ineffective”).  But, even though a non-attorney cannot
represent a corporation, the Supreme Court of Texas has held that a
non-attorney can perfect appeal on behalf of a corporation.  See Kunstoplast
of Am., Inc. v. Formosa Plastics Corp, USA., 937 S.W.2d 455, 456 (Tex.
1996).  In addition, this court and other intermediate courts of appeals have
held that an answer purportedly filed on behalf of a corporation by a non-attorney,
though defective, still prevents the trial court from granting a default
judgment.  See Home Savings of Am. FSB v. Harris Cnty. Water Control and
Improvement Dist., 928 S.W.2d 217, 219 (Tex. App.—Houston [14th Dist.]
1996, no writ); Guadalupe Econ. Servs. Corp. v. Dehoyos, 183 S.W.3d 712,
715–16 (Tex. App.—Austin 2005, no pet.); R.T.A. Int’l v. Cano, 915
S.W.2d 149, 150–51 (Tex. App.—Corpus Christi 1996, writ denied).  

Based upon these cases, a document filed in court by
a non-attorney purportedly on behalf of a corporation is defective but not
void, and may be effective for certain purposes, such as avoiding a default
judgment and perfecting appeal.  See Kunstoplast of Am., Inc., 937
S.W.2d at 456; Home Savings of Am. FSB, 928 S.W.2d at 219.  We conclude
that Butt’s filing of the motion for new trial purportedly on behalf of Rabb
was sufficient to extend the deadline to perfect appeal under Texas Rule of
Appellate Procedure 26.1(a) from thirty days after judgment to ninety days
after judgment.  See Tex. R. App.
P. 26.1(a).  Therefore, Rabb’s appeal was timely and this court has
appellate jurisdiction.[1]

Did the trial court err
in denying the new trial motion because a non-attorney filed it?

Even though a non-attorney’s filing of a motion for
new trial may be effective to extend the appellate deadlines, allowing a
non-attorney to preserve appellate error by obtaining a ruling on such a motion
would fail to impose any adverse consequences on the corporation for its attempt
to have a non-attorney represent it in court.  In this case, the Restaurant
responded in opposition to the motion for new trial, noted that Butt was a non-attorney
who could not represent Rabb, and argued that the motion should be denied on
this basis.  The parties have not cited and research has not revealed any case
addressing whether it is within the discretion of a trial court to deny a
motion for new trial because it was filed by a non-attorney purportedly on
behalf of a corporation.  We conclude that the trial court has this
discretion.  To conclude otherwise would reward the corporation and the non-attorney
for the unauthorized practice of law.  See Tex. Gov’t Code Ann. § 81.051(a) (West 2005) (“The state bar
is composed of those persons licensed to practice law in the state”); Tex. Gov’t Code Ann. § 81.101(a) (West
2005) (defining “practice of law” as, among other actions, “preparation of a
pleading or other document incident to an action . . . on behalf of a client
before a judge in a court”); Tex. Gov’t
Code Ann. § 81.102(a) (West 2005) (stating that, with exceptions not
applicable in the case under review, “a person may not practice law in this
state unless the person is a member of the state bar”); Unauthorized
Practice of Law Comm. v. Am. Home Assurance Co., 261 S.W.3d 24, 33 (Tex.
2008) (“Those rules permit only individuals meeting specified qualifications to
practice law.  Entities . . . are
excluded”).  

Rabb asserts that, unless a trial court gives a
corporation the opportunity to cure, the trial court should not be allowed to
overrule a motion for new trial because it was filed by a non-attorney on
behalf of a corporation.  On the facts presented in the case under review, we
disagree.  Butt filed a motion for new trial purportedly on behalf of Rabb in
the afternoon of the twenty-ninth day after the trial court signed the judgment. 
To cure this defective motion, an attorney would have had to file an amended
motion for new trial on Rabb’s behalf.  Though this defective motion extended
the time to perfect appeal and the trial court’s plenary power, the trial court
did not have the power to extend the deadline to file a timely amended motion
for new trial.  See Tex. R. Civ.
P. 5, 329b(b); Moritz v. Preiss, 121 S.W.3d 715, 720 (Tex. 2003)
(holding that trial court has no power to allow party to amend motion for new
trial more than thirty days after trial court signed the final judgment and
that denial of amended motion for new trial filed more than thirty days after
judgment preserved nothing for appellate review).  

Therefore, the absolute deadline for Rabb to have filed
an amended motion for new trial was December 2, 2009, the day after Butt filed
the defective motion for new trial.  See Tex. R. Civ. P. 329b(b); Moritz, 121 S.W.3d at 720. 
An amended motion for new trial filed by an attorney on or after December 3,
2009, would have preserved no error for appeal.  See Moritz, 121
S.W.3d at 720–21.  Rabb never requested the trial court to give an opportunity
to cure the defective motion for new trial, and there is no indication in the
record that before December 3, 2009, the trial judge or the Restaurant’s counsel
was aware that Butt had filed the defective motion.  On this record, we
conclude the trial court had no duty to recognize that a non-attorney had filed
a motion for new trial on December 1, 2009, and to notify Rabb that it had
until December 2, 2009 to have an attorney file an amended motion for new trial
to cure the defect.  See Dell Dev. Corp., 743 S.W.2d at 303 (holding
that trial court did not abuse its discretion by not sua sponte granting a
continuance of trial when corporation sent only a non-attorney to represent the
corporation at trial and trial court did not allow non-attorney to represent
corporation at trial).  

Corporations appearing in court may be represented
only by a licensed attorney.  See id.  A corporation that attempts to
thwart this rule and have a non-attorney represent the corporation does so at
its peril.  See id.  In the case under review, the trial court did not
abuse its discretion in denying the motion for new trial because it was filed
by a non-attorney purportedly on Rabb’s behalf.  Because in all four appellate
issues Rabb challenges only the denial of this motion, we overrule all of Rabb’s
appellate issues and affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of
Chief Justice Hedges and Justices Frost and Christopher.                         

 









[1] The
Restaurant has not asserted that Butt’s filing of the motion for new trial made
this appeal untimely, and the Restaurant has not asserted that this court lacks
jurisdiction.  The Restaurant has raised Butt’s inability to represent Rabb
regarding the motion for new trial as a basis for affirming the trial court’s
denial of the motion.  We address the issue of our jurisdiction sua sponte.