**Opinion issued July 12, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00667-CV

———————————

**CONSTRUCTION TECHNOLOGIES OF TEXAS INC. D/B/A CTI HOUSTON, Appellant**

**V.**

**VILLAGES LANDSCAPING AND PLANT CARE LLC, Appellee**

---

**On Appeal from the County Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1149101**

---

## MEMORANDUM OPINION

Toneisha Medina, pro se, appeals from a judgment entered against Construction Technologies of Texas Inc., which does business as CTI Houston. We dismiss the appeal for lack of subject-matter jurisdiction because Medina, who is not

an attorney, cannot represent a corporation in court and does not have standing to challenge a judgment that the trial court rendered solely against the corporation.

## BACKGROUND

Villages Landscaping and Plant Care LLC sued Construction Technologies of Texas Inc. for breach of contract, breach of implied warranty, and promissory estoppel. After a bench trial, the trial court rendered judgment against Construction Technologies in the amount of $10,671.23 plus attorney's fees and court costs.

As the registered agent for Construction Technologies, Toneisha Medina, pro se, filed a notice of appeal. Medina also filed an appellate brief on behalf of Construction Technologies and herself, characterizing herself as an appellant.

Villages Landscaping has filed two motions to dismiss this appeal for lack of subject-matter jurisdiction. In its first motion, Villages Landscaping argues that only a licensed attorney may represent a corporation in court, thereby rendering Medina's notice of appeal a nullity. In its second motion, Villages Landscaping argues that Medina herself cannot appeal from a judgment that was not rendered against her.

Medina has not responded to Villages Landscaping's dismissal motions.

We previously denied both motions by order dated January 13, 2022. Having now reviewed the briefs and the record on appeal in full, we reconsider our prior order on our own motion, reverse our prior order denying Villages Landscaping's motions to dismiss, and dismiss this appeal for lack of subject-matter jurisdiction.

## DISCUSSION

## Unauthorized Practice of Law

An entity, like a corporation, cannot practice law. *Unauthorized Practice of Law Comm. v. Am. Home Assurance Co.*, 261 S.W.3d 24, 33 (Tex. 2008). Excepting purely ministerial acts, such as depositing cash with a court clerk in lieu of a cost bond, a corporation must act through an attorney in court. *Kunstoplast of Am. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam).

The exception for ministerial acts is a narrow one because the definition of the practice of law broadly includes "all advice to clients and all action taken for them in matters connected with the law." *Crain v. Unauthorized Practice of Law Comm.*, 11 S.W.3d 328, 333 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). The preparation and filing of legal documents in court is the practice of law. *See id.*

Here, it is undisputed that Medina, who is not an attorney, filed a notice of appeal on behalf of Construction Technologies, which is not otherwise represented by counsel on appeal. Because Medina cannot represent the corporation, her notice of appeal on behalf of Construction Technologies is ineffective. *Globe Leasing v. Engine Supply & Mach. Serv.*, 437 S.W.2d 43, 45 (Tex. App.—Houston [1st Dist.] 1969, no writ); *accord Premier Assocs. v. Louetta Shopping Ctr. Houston*, No. 01-12-00369-CV, 2012 WL 4243802, at *1–2 (Tex. App.—Houston [1st Dist.] Sept. 20, 2012, no pet.) (per curiam) (mem. op.) (stating that notice of appeal filed by

corporate representative who was not attorney had no effect and dismissing appeal); *Kaminetzky v. Newman*, No. 01-10-01113-CV, 2011 WL 6938536, at \*2–3 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011, no pet.) (mem. op.) (stating that notice of appeal filed by corporate representative who was not attorney had no effect and holding that ineffective notice did not preserve any corporate complaints for review even though representative was proper party to appeal in his own right).

When, as here, the appellant has not filed an effective notice of appeal, we lack subject-matter jurisdiction to hear the appeal. *See Premier Assocs.*, 2012 WL 4243802, at \*1 (court of appeals lacked subject-matter jurisdiction because notice of appeal on behalf of corporation by pro se representative was ineffective).

## Medina's Individual Standing

Only parties to a suit have standing to appeal from the trial court's judgment. *Yahvah v. Harris Cty.*, No. 01-08-00292-CV, 2010 WL 1053011, at \*2 (Tex. App.—Houston [1st Dist.] Mar. 11, 2010, pet. denied) (mem. op.). When a person who was not a party below files a notice of appeal, we lack subject-matter jurisdiction. *Id.*

Medina purports to appeal not only on behalf of Construction Technologies but also individually. But Medina was not a party to the suit in the trial court, and the trial court rendered judgment solely against Construction Technologies. Thus, we lack subject-matter jurisdiction to hear Medina's appellate complaints. *Id.*

4

**CONCLUSION**

Both of Villages Landscaping's motions to dismiss are meritorious. In accord with the motions, we dismiss this appeal for lack of subject-matter jurisdiction.


Gordon Goodman
Justice

Panel consists of Justices Kelly, Goodman, and Guerra.