**Opinion issued September 24, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00274-CV

————————————

## RACHEL FOREMAN, Appellant

## V.

## TEXAS INDEPENDENCE PLAZA, LLC, Appellee

---

**On Appeal from the County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Case No. 23-CCV-072468**

---

## MEMORANDUM OPINION

Rachel Foreman, acting pro se, attempts to appeal the trial court's April 2, 2024 "Order on Motion to Enforce Agreed Judgment and Award Judgment for Possession in Accordance with Settlement Agreement." Appellee Texas

Independence Plaza, LLC, has filed a motion to dismiss the appeal. We grant the motion and dismiss the appeal.

## Background

The underlying case is a landlord/tenant dispute between Texas Independence Plaza, LLC (the landlord) and Dentistry at Artysan Lane, PLLC (the tenant).[1] Prior to trial, Texas Independence Plaza and Dentistry at Artysan Lane, while represented by their respective counsel, negotiated a settlement agreement. On January 18, 2024, the trial court entered an agreed judgment in accordance with the parties' settlement agreement. Texas Independence Plaza, asserting that Dentistry at Artisan Lane failed to comply with the agreed judgment by not vacating the subject property and beginning payments, subsequently filed a motion to enforce the judgment and award possession of the property. On April 2, 2024, the trial court issued its "Order on Motion to Enforce Agreed Judgment and Award Judgment for Possession in Accordance with Settlement Agreement" granting the motion.

On April 5, 2024, Rachel Foreman, the owner of Dentistry at Artysan Lane, filed a pro se notice of appeal challenging the order.

---

[1] The underlying case is *Dentistry at Artysan Lane, PLLC vs. Texas Independence Plaza, LLC*, Cause No. 23-CCV-072468, in the County Court at Law No. 3 of Fort Bend County.

## Analysis

Appellee Texas Independence Plaza filed a motion to dismiss the appeal, arguing that (1) Foreman lacks standing because she is not a party to the case, and (2) Foreman cannot file a notice of appeal on behalf of Dentistry at Artisan Lane because she is not an attorney. Foreman did not respond to the dismissal motion. As discussed below, we conclude that the arguments in the motion are well-founded.[2] Accordingly, we grant the motion and dismiss the appeal.

### *Foreman Lacks Individual Standing*

Subject to certain exceptions not applicable here, only parties to a suit have standing to appeal from the trial court's judgment. *See Yahvah v. Harris Cty.*, No. 01-08-00292-CV, 2010 WL 1053011, at *2 (Tex. App.—Houston [1st Dist.] Mar. 11, 2010, pet. denied) (mem. op.). When a person who was not a party below files a notice of appeal, we lack subject-matter jurisdiction. *Id*.

In the notice of appeal, Foreman attempts to identify herself individually as a plaintiff but the clerk's record demonstrates that she was not a party in the underlying case. The last amended petition, filed by Dentistry at Artysan Lane on January 11, 2024, does not include Foreman individually as an additional plaintiff to the suit. Nor is Foreman individually included as a party to the agreed judgment issued on

---

[2] Although not discussed in the motion, we also appear to lack jurisdiction because the April 2, 2024 order is not a final judgment or appealable order.

January 18, 2024, or the subsequent order to enforce the judgment issued on April 2, 2024. Foreman's attempt to include herself as a plaintiff after the settlement and agreed judgment were issued fails to comply with Texas Rule of Civil Procedure 37. *See* TEX. R. CIV. PROC. 37 ("Before a case is called for trial, additional parties necessary or proper parties to the suit, may be brought in, either by the plaintiff or the defendant, upon such terms as the court may prescribe; but not at a time nor in a manner to unreasonably delay the trial of the case.").

Accordingly, we lack jurisdiction to consider the appeal because Foreman was not a party to the suit in the trial court, and the trial court rendered judgment solely against Dentistry at Artysan Lane.

### *Foreman Lacks Authority to Represent Dentistry at Artisan Lane*

To the extent that Foreman attempts to appeal on behalf of Dentistry at Artysan Lane, we lack jurisdiction to consider the appeal because the notice of appeal is ineffective.

An entity, like a corporation, cannot practice law. *Unauthorized Practice of Law Comm. v. Am. Home Assurance Co.*, 261 S.W.3d 24, 33 (Tex. 2008). Excepting purely ministerial acts, such as depositing cash with a court clerk in lieu of a cost bond, a corporation must act through an attorney in court. *Kunstoplast of Am. v. Formosa Plastics Corp.*, USA, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam). The exception for ministerial acts is a narrow one because the definition of the practice

of law broadly includes "all advice to clients and all action taken for them in matters connected with the law." *Crain v. Unauthorized Practice of Law Comm*., 11 S.W.3d 328, 333 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). The preparation and filing of legal documents in court is the practice of law. *See id*.

It is undisputed that Foreman is not an attorney. Because Foreman cannot represent the company, a notice of appeal filed by her on behalf of Dentistry at Artysan Lane would be ineffective. *See Globe Leasing v. Engine Supply & Mach. Serv*., 437 S.W.2d 43, 45 (Tex. App.—Houston [1st Dist.] 1969, no writ); *accord Premier Assocs. v. Louetta Shopping Ctr. Houston,* No. 01-12-00369-CV, 2012 WL 4243802, at *1–2 (Tex. App.—Houston [1st Dist.] Sept. 20, 2012, no pet.) (per curiam) (mem. op.) (stating that notice of appeal filed by corporate representative who was not attorney had no effect and dismissing appeal). When an appellant has not filed an effective notice of appeal, we lack subject-matter jurisdiction to hear the appeal. *See Premier Assocs*., 2012 WL 4243802, at *1 (court of appeals lacked subject-matter jurisdiction because notice of appeal on behalf of corporation by pro se representative was ineffective).

## <u>Conclusion</u>

For the foregoing reasons, we grant appellee's motion and dismiss this appeal for lack of jurisdiction. Appellee's related motion seeking sanctions is denied. Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.